Elections ⬤⟼154(7)—Writ of review does not lie from Supreme Court to Court of Appeal in contested primary election cases.

Writ of review does not lie from Supreme Court to Court of Appeal in contested primary election cases; judgment of such court in such cases being final and executory from notification.

Action by James Barrett against Thomas J. Dobbins. Judgment for plaintiff in the Court of Appeal, and defendant applies for certiorari or writ of review. Writ refused.

Edward Rightor, John C. Davey, and Edward R. Schowalter, all of New Orleans, for applicant.

By the WHOLE COURT.

OVERTON, J. The writ prayed for herein is refused, for the reason that a writ of review does not lie from this court to Court of Appeal in a contested primary election case, and the judgment of that court in such cases is final and executory from notification.

---

(99 South. 856)

No. 24401.

### MOORE v. LIDDELL BROS. CANDY CO., Inc.

(April 7, 1924.)

*(Syllabus by Editorial Staff.)*

1. Municipal corporations ⬤⟼705(11)—Driving on wrong side of road not ground of liability unless proximate cause of injury.

That defendant's motor truck, which collided with motorcycle killing rider, was being driven on wrong side of road would not render defendant liable for death, unless it was the proximate cause of the accident.

2. Municipal corporations ⬤⟼705(10)—Motorcyclist colliding with truck held guilty of negligence barring recovery for death.

Where plaintiff's decedent riding motorcycle collided with defendant's truck and was killed, act of deceased in coming out of quiet street into much-traveled one and, without looking or giving warning, turning suddenly into path of truck which had turned to left to pass vehicles in front, was negligence barring recovery.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Action by Mrs. Mattie Moore against the Liddell Bros. Candy Co., Inc. Judgment for defendant, and plaintiff appeals. Affirmed.

Earl L. Wiener and Thigpen, Herold, Lee & Cousin, all of Shreveport, for appellant.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

ST. PAUL, J. This case involves only a question of fact. The district judge has reviewed the evidence in an opinion which we find to be correct at every point, and therefore adopt, as follows:

Plaintiff brings this suit for $14,161.50 damages, divided into various items, for the death of her husband.

She alleges that her said husband was, while riding a motorcycle on Texas avenue, near Christian, in the city of Shreveport, on the 12th day of February, 1920, between 2 and 6 o'clock p. m., run into and struck down by an automobile truck owned by defendant and driven at the time by Robert Brown, their servant and employee; that as a result of said collision her husband died five days later.

That said accident was the fault of defendant in that its servant was driving said truck on the wrong side of the street in violation of the city ordinances of the city of Shreveport, in that he gave no warning or signal, and that the said truck was being driven at a fast and improper rate of speed of more than 15 miles per hour.

Defendant answers that as its truck was being driven down Texas avenue, approaching the intersection of Christian, the driver of a car directly ahead put out his hand, a signal that he was going to slow down or stop and that to avoid hitting said car the driver of the truck turned out to the left and upon the car tracks in the center of the street; that it was necessary to turn to the left because cars parked along the curb to his right did not leave enough room to pass.

That, while said truck was upon said tracks, plaintiff's husband came out of Christian street to the left of its driver at a very rapid pace and onto the car tracks, apparently intending to turn down Texas avenue to his left, but instead of so turning switched suddenly to the right when within 15 feet of the truck and dashed into it head on; that the collision was due to the negligence of plaintiff's husband in coming into a much-traveled street at such a rate of speed without maintaining a proper lookout and in suddenly turning without warning into the path of the truck.

Christian street runs into Texas avenue at almost right angles, as clearly shown by the photographs and blueprint filed herein. It runs into Texas from the north, but does not continue through to the south, the Wheless garage being almost opposite it on the south.

The evidence shows that the truck driven by defendant's employee in the scope of his employment was coming down Texas avenue toward town. In front of it were two cars, the one directly in front driven by a man. The driver of this car put out his hand signifying that he was going to stop or turn. The truck turned out to the left to pass this car which brought it out onto the double car tracks in the center of the street. The car driven by the lady was going very slowly so that the driver of the truck continued on to pass it also. Just as it was passing this car, at about the center of the intersection of Christian street, it collided with a motorcycle driven by plaintiff's husband, resulting in his death.

I think the evidence establishes that the car of defendant was on the left-hand track in the direction which he was going which would place him slightly on the left-hand side of the street. As to his speed the evidence is conflicting. The negro witnesses testifying to his excessive speed were not in a position to accurately judge of the matter. One admits he was looking at the motorcycle and did not see the automobile until immediately before the crash. The other, an old colored man, simply testifies he was coming too fast. The car was coming directly toward him, making it extremely difficult to correctly judge its speed by an expert; much more so by so inexperienced a witness. The legal rate of speed at this point is 15 miles per hour. The lady testifies that the truck was going slowly, the driver and his companion, that it was going 15 miles per hour. I do not think it proven that it was being driven at a reckless or illegal speed. It was stopped within a few feet. It did not run over the deceased and only a little onto the motorcycle.

[1] So I think it established that the truck was to some degree upon the wrong side of the street. The driver testifies that he had to go out upon the tracks to pass the cars as other cars parked along the right curb made it impossible to pass to the right. To make defendant liable this driving on the wrong side of the street must be the proximate cause of the accident.

[2] The driver of the motorcycle was coming out of a quiet street onto a congested and much-traveled one, I think it was his duty to have his machine in perfect control and to maintain a careful lookout in the direction he intended to go. The evidence shows that he swung out of Christian street onto the car track and turned sharply up town directly into the path of the truck, hitting it head on, the radiator cap knocking out his teeth. It was possible for him to do one of three things; turn down town, go on across into the Wheless garage, or turn up town, into the path of the truck. The driver of the truck had no way of knowing what he intended to do. When he

swung into the path of the truck its driver put on the brakes and was stopping when the collision occurred. There is no evidence that the deceased put on his brakes or did anything to avoid the collision. As the evidence shows that the collision occurred at the center of the intersection and that the deceased was coming down the right-hand side of Christian, he must, as the driver of the truck testifies, have turned first down toward town in order to have made the turn and struck the truck head on where he did. The deceased did not blow his horn or hold out his hand showing his intention to turn. It was not necessary for him to go out upon the car tracks. There was plenty of room for him to have gone safely between the left-hand tracks and the curb, had he chosen so to do.

Plaintiff's own witnesses testify that defendant's truck could be seen a considerable way up the street coming down the tracks.

After a careful consideration of the testimony and the exhibits I feel that the cause of the accident was the carelessness and negligence of the deceased in coming out of a quiet street into a much-traveled one, swinging out upon the car tracks and turning suddenly into the path of the defendant's truck without looking and without warning; and that the plaintiff's suit should be dismissed at her cost. It is so ordered.

Decree.

The judgment appealed from is therefore affirmed.