No. ——

First Circuit Appeal

## CLAUDE B. ELLIS v. FRANK COLLETA
## BERNICE ELLIS v. FRANK COLLETA
### (Consolidated)

(Dec. 30, 1924, Opinion and Decree.)

(*Syllabus by the Editor*.)

1. **Louisiana Digest—Automobiles—Par. 4.**

Where, in an automobile collision, the party driving on the wrong or left side of the road is negligent and the party driving on the right side of the road is not negligent, damages will be allowed against the party negligent and in favor of the party on the right side of the road.

2. **Louisiana Digest—Appeal—Par. 625; Automobiles—Par. 4 (a).**

The opinion of the trial judge on a question of who was negligent in an automobile collision, being manifestly correct, is affirmed.

(Civil Code, Art. 2315. Editor's note.)

Appeal from the Parish of Calcasieu, Hon. Jerry Cline, Judge.

This is a suit for damages to an automobile and for physical suffering. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Cline & Plauche, of Lake Charles, attorneys for plaintiff and appellee.

E. F. Gayle, of Lake Charles, attorney for defendant and appellant.

LECHE, J. The plaintiffs in the two above entitled causes are husband and wife and they sue for damages resulting from a collision, between the automobile in which they were riding and another automobile driven by and under the control

of defendants' minor son. The plaintiffs filed separate suits which were consolidated for trial and argument. A judgment was rendered in favor of each of the plaintiffs and defendant has appealed.

The accident happened on a public highway some three or four miles out of Lake Charles, between eight and nine o'clock in the evening of August 5, 1923. Plaintiffs were coming towards Lake Charles and defendant was going in the opposite direction. The left front wheels of the two cars came in violent contact, then both machines swerved towards the south side of the road, that is to plaintiffs' right and to defendant's left, that of plaintiffs' careened over on its side and that of defendant's remained upright on three wheels, near the edge of the ditch.

The parties mutually charge each other with reckless driving, each one claiming that the collision resulted from the fault and negligence of the other.

A preponderance of the evidence shows that plaintiffs were driving in conformity with the well-known rule of the road, on the extreme right, at a distance varying from one to five feet from the edge of the ditch and that on the contrary, defendant was pursuing a course near the center of the road and that when within a few feet of each other, defendant swerved to his left bringing his left front wheel in contact with the left front wheel of plaintiffs' machine.

Immediately after the collision, plaintiffs had several disinterested witnesses to trace on the ground, the tracks made by the two automobiles and the investigation of these witnesses bears out this finding of facts.

The highway upon which the collision took place is gravelled and is used for automobile traffic. Defendant questions in argument, the reliability of the testimony which describes the wheel tracks of the two automobiles previous to the collision, on account of the difficulty of distinguishing them from numerous other tracks made by other automobiles. This difficulty no doubt, was very apparent to the persons who made the investigation and there is nothing in the testimony itself to weaken the positive assertions of these witnesses. The fact that plaintiffs at once had these tracks examined by disinterested witnesses, is a circumstance in our opinion, which confirms the correctness of the version by the plaintiffs as to the course they were following along the road, for if that course had not really been in conformity with the rule of the road, such an investigation could only have discredited their testimony.

The trial judge was of the opinion that defendant was at fault. The evidence seems to bear out that finding and we concur therein.

Plaintiffs' automobile was almost a complete wreck and plaintiffs themselves suffered physical pains from the shock. The judgment allows the husband $350.00 for his automobile and $168.00 for loss of time and physical suffering. It further allows the wife $100.00 for the destruction of the contents of a suit case and $150.00 for physical and mental suffering. These amounts appear to be fair and not excessive.

The judgment appealed from is therefore affirmed.