No. 2557

Second Circuit

## RISER v. SCHREIBER

(March 11, 1926. Opinion and Decree.)

*(Syllabus by the Editor)*

1. Louisiana Digest—Automobiles—Par. 4, 4 (a), 4 (d).

In a collision between automobiles driving in opposite directions the party driving on the wrong side of the road and not maintaining a vigilant lookout is negligent and liable for the resulting damage.

(Civil Code, Art. 2315. Editor's note.)

Appeal from the City Court, City of Alexandria, Parish of Rapides. Hon. J. B. Nachman, Judge.

Action by Blaze D. Riser against Julius Schreiber.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Lamar Polk, of Alexandria, attorney for plaintiff, appellee.

Geo. J. Ginsberg, of Alexandria, attorney for defendant, appellant.

## STATEMENT

WEBB, J. This action grows out of collision, occurring on the public highway

of automobiles, one driven by the plaintiff and the other by defendant.

The plaintiff alleges that the collision was due to the fault of the defendant, in that he was driving in a careless and reckless manner on the wrong side of the road, at an excessive rate of speed and without maintaining a proper lookout, and damages are claimed in the sum of one hundred and fifty-one and 00-100 dollars ($151.00), the cost of repairs made necessary by the collision.

The defendant denies that the collision was attributable to any fault on his part, and alleges that it was due to the fault of the plaintiff, in that plaintiff's car was driven down the center of the road, without regard to defendant's rights upon the road, and he reconvened for damages, for repairs on the automobile driven by him, amounting to thirty-nine and 37-100 dollars ($39.37), loss of use of the car for two days at ten dollars ($10.00) per day, and twenty-five dollars ($25.00) attorney's fees.

The judgment was in favor of plaintiff for the full amount claimed and defendant appeals.

## OPINION

The record shows that the parties were driving in opposite directions, the plaintiff driving a Ford and the defendant a Buick; that the cars hit on the left side of each, causing the Ford to be overturned, and the Buick to swerve to the right of the road, the latter running a distance of approximately thirty-five or forty yards after the collision.

The testimony of the plaintiff tends to show that his car was to his right of the center of the road at the time of the collision, while that of the defendant tends to show that both cars were, at that time, partially over the center of the road.

Immediately after the accident happened, three young men, who were disinterested, inspected the road and noted the tracks made by the automobiles, and their testimony as to these physical facts corroborates the testimony of the plaintiff relative to the situation of the cars at the time of the impact.

The preponderance of the evidence thus shows that defendant's car was, partially at least, on the wrong side of the road, and this fact considered in connection with the plaintiff's statement, that he had driven his car as far as possible to the right of the road, without going into the ditch, confirms the impression, left from reading the defendant's testimony, that he had not noted the situation of the plaintiff's car until the moment of collision.

The situation, as reflected by the record, is that the defendant was driving on the wrong side of the road and not maintaining a vigilant lookout, and that plaintiff had noted the situation and had attempted to avoid the collision by placing his car as far as he could to the right of the road.

The defendant was negligent, and the judgment appealed from is affirmed.