No. 3167

Second Circuit

---

FORD, BACON & DAVIS, INC., v. SHAW

---

(July 7, 1928. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. Louisiana Digest — Automobiles — Par. 7(c), 8; Evidence—Par. 58.

Where the preponderance of evidence shows that defendant was driving on the wrong side of the road with his bright lights on, defendant carries the burden of proof to show that such circumstances were not the proximate cause of the collision.

2. Louisiana Digest — Automobiles — Par. 7(c), 8.

Where defendant was driving with his bright lights and there is no evidence indicating that driver of plaintiff's car could have avoided the collision, without taking the risk of driving into the ditch, defendant is liable for damages sustained.

Appeal from the Fourth Judicial District Court, Parish of Ouachita. Hon. Percy Sandel, Judge.

Action by Ford, Bacon & Davis, Inc., against A. T. Shaw.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Shotwell & Brown, of Monroe, attorneys for plaintiff, appellee.

George Wesley Smith, of Rayville, attorney for defendant, appellant.

WEBB, J. The plaintiff, Ford, Bacon & Davis, Inc., instituted this action to recover damages to an automobile owned by it sustained in a collision with an automobile owned and driven by defendant, A. T. Shaw. Plaintiff alleges that the collision resulted from the negligence of defendant in driving at an excessive rate of speed with bright lights and on the wrong side of the roadway, which was denied by defendant, who, in turn, alleged that the collision was due to the fault of the driver of plaintiff's automobile, in that he was driving on the wrong side of the roadway, and he reconvened for damages.

On trial judgment was rendered in favor of plaintiff for the expense of repairs and depreciation, and rejecting the reconventional demand, from which defendant appeals, urging that the preponderance of the evidence failed to establish any negligence on his part, and, in any event, that the evidence showed that the driver of

plaintiff's car was negligent and that his negligence contributed to the collision.

The collision occurred on the public highway while plaintiff's car was being driven west and defendant's was being driven east, the left front and side of the automobiles coming in contact.

There were three persons riding in plaintiff's car, all of whom testified that the car was on the driver's right hand side of the roadway at the time of the collision, while defendant testified that plaintiff's car was on the driver's left hand side of the roadway, and it is contended that the physical facts or the position of the automobiles after the collision supports defendant's testimony.

After the collision the cars moved in the general direction in which they were being driven, and both came to a stop on defendant's right hand side of the roadway, but the evidence shows that after the collision each of the cars swerved to that side of the roadway, and at least there cannot be any clear inference drawn from the situation of the cars after the collision, which supports the testimony of defendant rather than that of the witnesses for plaintiff, and we are of the opinion that the preponderance of the evidence shows that the collision occurred while defendant was driving on the wrong side of the roadway, and defendant carried the burden of proof to show that such circumstance was not the proximate cause of the collision (Schick vs. Jenevein, 145 La. 333, 82 So. 360) and it further appearing that defendant was driving with bright lights and there not being any evidence indicating that the driver of plaintiff's car could have avoided the collision, without taking the risk of driving into the ditch, we are of the opinion that defendant was properly held liable, and the judgment is affirmed. (Ellis vs. Colleta, 1 La. App. 369; Riser vs. Schreiber, 4 La. App. 340.)