### No. 356
### First Circuit

## MANUEL v. VIDRINE

(January 9, 1929. Opinion and Decree.)

J. Hugo Dore, of Ville Platte, attorney for plaintiff, appellant.

Wm. Alex Robertson, of Opelousas, attorney for defendant, appellee.

LECHE, J. Plaintiff sues for damages resulting from an automobile collision, and defendant, denying fault on his part and alleging negligence on the part of plaintiff, demands damages in reconvention.

The whole controversy involves questions of fact. The testimony shows that the following facts are undisputed:

Plaintiff and a companion were driving a Chevrolet Coupe from Ville Platte to Opelousas along a public highway running approximately north and south. Defendant's vehicle, a Ford truck loaded to capacity with sheet iron and merchandise, operated by an employee who also had a companion, was being driven north out of Opelousas towards Ville Platte and the two vehicles collided a few miles out of Opelousas. Both vehicles were badly damaged and the four occupants were all more or less, though not seriously, injured.

The trial court rejected plaintiff's demand and allowed damages in favor of defendant. Plaintiff has appealed.

The question to be decided is, who was at fault. The trial judge believed that the accident was due entirely to the negligence of plaintiff, but our impression from all the testimony and from the conceded position of the Ford truck after the accident, is that both parties were at fault.

There was a curve in the road just north of the place where the collision took place and as plaintiff rounded this curve, he and his companion both discerned at some distance, an object looking like an automobile, without headlights, on the wrong or west side of the road. Defendant's witnesses concede that the Ford lamps were illuminated by electricity generated from the magneto of the truck and that the lights were very dim. We assume without discrediting the testimony of defendant's witnesses, that the Ford lights were so dim that they could not serve the purpose for which they were intended.

Plaintiff was driving at a speed which may fairly be estimated from the testimony, of about thirty miles per hour. It was plainly the duty of plaintiff under these conditions to have remained on the west side of the road, to have immediately checked his speed and even to have stopped, all of which he could have done in ample time if he had exercised common prudence and caution. Instead of slowing down and stopping, plaintiff attempted to pass the Ford truck by crossing to the east or his left side of the road. Defendant's chauffeur who evidently was driving on the west side of the road, also attempted to cross to the east side of the road by veering to his right, where he should have been all the time, and reached the point which plaintiff was also trying to reach, at the same time as did plaintiff, and the collision took place on the east side of the road.

According to our appreciation of the testimony and the position of the two automobiles after the collision, there is no other reasonable way of accounting for the accident. We believe that defendant's truck was being driven on the west or left side of the road. The witness who was riding in the Ford truck with the chauffeur says that the truck had been traveling about the center of the road; plaintiff and his companion say that it was approaching on the west or left side of the road. After the collision the rear wheels of the Ford were about the center of the road and the body of the truck was in a diagonal position heading towards the east. The rear wheels

had to be moved four or five feet to the east in order to clear the roadway for traffic. The truck loaded as it was, could not, by the glancing blow on its right front wheel by the Chevrolet, have had its rear wheels pushed out into the center of the road. The Chevrolet was struck on its right front fender near its door and the only effect of the impact was to shove the front wheels of the Ford truck towards the east side ditch. The impact could not possibly have shoved the rear wheels of the Ford into the middle of the road.

We are clearly of the opinion that plaintiff was at fault for not remaining on the right or west side of the road and not checking his speed even to the extent of stopping if necessary, in order to avail himself of the last clear chance, and we are further of the opinion that defendant's chauffeur was traveling along the left or west side of the road up to the moment when he saw the Chevrolet and tried to cross to the right side, and that he also was at fault. Common prudence dictates that a heavily loaded truck incapable of quick acceleration, should always travel near the right side of the road. Such a rule for traffic is not only based upon ordinary caution but is often indicated by posted signs to the effect that slow moving vehicles should keep near the right curb on streets and highways.

For these reasons, we believe that neither party is entitled to damages.

It is therefore ordered that the judgment of the District Court be avoided and reversed and that both demands be rejected, costs of appeal to be paid by defendant and those of the lower court to be paid in equal portions by plaintiff and defendant.