GLADNEY, Judge.
This is a suit for damages arising from an automobile accident which occurred about 6:10 P.M., December, 21, 1950, on a public road connecting the Homer-Athens Highway with the Athens-Minden road. Plaintiff, Raymond Smith sues for property damage to his automobile and the other plaintiffs, Eustis Smith, Mrs. Margaret Bramlett Smith and Mrs. Jessie Pace Smith sue for personal injuries.
The petition alleges that Raymond Smith, accompanied by the above named parties, was driving in a southerly direction in his 1949 four-door Ford sedan when they met the defendant R. D. Baker, who was driving an International truck and traveling in a northerly direction. It is further alleged that both vehicles were traveling at about fifteen or twenty miles per hour and that as the defendant’s truck approached it failed to yield a sufficient portion of the highway to plaintiff which forced Smith to avoid a head-on collision by steering his automobile into a ditch at the right side of the road, with resulting personal injuries and damage to his car.
In his answer, defendant denies generally the allegations made by plaintiffs and contends that when he saw the Ford car approaching he steered his vehicle over to his extreme right side of the road; that when the two vehicles passed, the right wheels of his truck were approximately fifteen inchs from the eastern edge of the road bed and the right wheels of plaintiff’s car were about twenty-two inches from the western edge of the road bed; and that said vehicles passed each other in safety, but, that after passing, the driver of plaintiff’s car failed to follow the contour of the road that curves slightly to the east for one driving south, with the result that when plaintiff’s car reached the turn of the curve it went into the ditch.
Prior to trial the defendant filed exceptions of misjoinder of parties, of no cause and no right of action and a plea of vagueness. Each of said exceptions was tried and overruled. They are not urged on appeal, and, therefore, are considered as abandoned.
After trial the judge a quo, assigning written reasons for his judgment, awarded damages in favor of plaintiffs in the following sums: Raymond Smith $100.00; Mrs. Margaret Bramlett Smith $200.00; Mrs. Jessie Pace Smith $350.00; Eustis Smith $1,000.00. Defendant’s motion for a rehearing was overruled and he has appealed. From the awards so made, defendant has appealed, asking that the judgment be re *716 versed in his favor, or, in the alternative, that the awards be reduced.
At the time of the accident it was dark and both vehicles were traveling with lights on. It is undisputed that but one of Baker’s front lights, the left, was burning at the time. Plaintiffs say this light was out of focus, directing rays upward, and that as a result thereof Baker was unable to properly see the right-of-way ahead. Baker denied this. At the place where the Ford car entered the ditch, the roadway turns slightly towards the left or to the east when approaching from southerly direction. The road is narrow, not being over eighteen feet or nineteen feet between its side ditches. It was a dirt road with a quantity of native gravel on it. There was some testimony that there were ruts in the center of the road, made by the wheels of vehicles which used it, but this fact is of no apparent significance. From the point where Smith’s car entered the ditch to the north the road is comparatively straight for a considerable distance. It was shown that the width of the Ford car was about sixty-nine (69) inches and the width of the truck, which was equipped with a stake body, was about eighty-four (84) inches.
The only eye witnesses to the passing were the drivers of the two vehicles involved and the passengers in the Smith car. Following the accident, Smith’s family, who were proceeding to a Christmas party, transferred to another vehicle and proceeded to their party. After passing the Ford automobile Mr. Baker proceeded to his house and retired for the evening, and did not know of the accident to Smith’s car until he was awakened by Smith about midnight. During the night and following day an inspection of the tire impressions of the two vehicles on the highway was made by several persons who testified.
The most controversial fact to be determined is the point at which the two vehicles passed each other. Plaintiffs’ witnesses testify the passage occurred in the immediate proximity of the place where the .Smith car entered the ditch. The defendant, on the other hand, points to a set of tracks considerably farther north of this point as showing that two vehicles had passed each other safely at a distance of from sixty feet to seventy feet north of the place of the accident. The dispute between the witnesses is as to the identity of the tracks made by the truck. The testimony of Raymond Smith, J. G. Pittman and John Nick Brown is favorable to plaintiff’s case, but is in conflict with that of R. D. Baker and Charles Kendrick. The preponderance of the testimony, if plaintiff’s witnesses are to be believed, is thus with the plaintiff. Their testimony is to the effect that the closest point of Baker’s tracks to the edge of the ditch on his side, the east side of the highway, was four to five and one-half feet. If this be true, it would have been impossible for Smith to pass Baker without a collision unless Smith took to the ditch. On the other hand, Kendrick and Baker testified that Baker’s tracks were found as alleged in defendant’s answer, and that the passing was normal and without incident.
The foregoing presents such a disputed factual question that the appellate court must rely upon the findings of the trial judge unless such findings are manifestly erroneous. The trial court is, of course, in much better position to observe the credibility of the witnesses and to weigh such a factual issue. In this instance the district court accepted the version of plaintiff’s witnesses, and, properly so, our findings should rest on his conclusions. Thornton v. Ellington, 1946, 209 La. 613, 25 So.2d 282, 287.
It is provided in the Highway Regulatory Statute that drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving the other for at least two hundred feet before meeting, one half of the main traveled portion of the highway. LSA-R.S. 32:232.
The consequence of a violation of the foregoing rule is that in the event of a collision and proof, shows that one of the drivers of two vehicles meeting each other was on the wrong side of the road and failed to pull over, he will be guilty of negligence. See: Travelers Fire Insurance Company v. Meadows, La.App.1943, 13 So.2d 537; Hagaman v. Bankers Indemnity Insurance Company, La.App.1942, 7 So.2d *717 390; Watson v. Hightower, La.App.1938, 181 So. 612. Our finding that Baker failed to yield the proper portion of the highway is conclusive of the negligence of Baker and that such negligence was the sole and proximate cause of the accident.
Raymond Smith was awarded the sum of $100.00 for the car damage, which was adequately proven in the trial court. This amount is not disputed.
The quantum awarded the other claimants however, is declared by appellant to be excessive and unwarranted by the evidence.
The record indicates that following the accident the parties attended their Christmas party and made no immediate complaints of injuries. The testimony of Raymond Smith and the occupants of his car indicates the Ford was going at a slow speed when it entered the ditch. There was physical evidence the right wheels of the car were over the side of the shoulder of the road about twelve feet before the movement of the car stopped, thus lowering the under side of the car so that it dragged with decreasing momentum before it came to a stop. These factors and the nature of the injuries complained of are persuasive that the occupants did not suffer violent shock.
Mrs. Jessie Pace Smith was awarded the sum of $350.00 though she did not testify as a witness and the only evidence in the record as to her disability is found in the testimony of Raymond Smith and the testimony of Dr. Campbell. Smith’s testimony (of doubtful admissibility) was: “Well, I think it was mostly shock and bruises that hurt her.” Dr. Campbell stated that Mrs. Smith was a patient of his and suffered with diabetes. She came to his office on the Monday following the accident of the previous Friday night and complained of her neck hurting and that she appeared a little nervous, but such nervousness could have been caused by her diabetic condition. No bruises or discolorations were visible. The proof is insufficient to show that Mrs. Smith suffered a compen-sable injury due to shock or pain, and we do not believe that she was hurt by the accident.
Mrs. Margaret Bramlett Smith was awarded $200.00 for a bump on her head which apparently did not break the skin, but left a mark on her forehead for several weeks. It does not appear to have caused her inconvenience or pain and she appears to have suffered no shock. In our opinion her injury was so slight that it is not com-pensable.
Mr. Eustis Smith claims to have received an injury to his shoulder and arm and an abrasion on his forehead. He complained to Dr. Campbell that his arm was paralyzed and that he could not entirely raise his right arm. X-rays revealed no broken bones or indications of dislocation. The abrasion readily healed and was of but slight consequence. Mr. Smith, after going to the Christmas party following the accident, and returning during the middle of the night, going out to the road for the purpose of inspecting the scene of the accident, remained in bed most of Saturday. The following Monday he decided to go to see Dr. Campbell. Dr. Campbell found nothing more than a bruise on his arm. He stated that Smith complained of pain when he attempted to lift the right arm. It does appear that Eustis Smith received some injury which he-declares has caused him pain and interfered with the performance of his work. His activities following the accident, including his driving of a truck to the Christmas party, his investigation of the scene of the accident later on that night, and his failure to complain of being hurt until two days later do not indicate his injuries were too serious. After giving due consideration to the decreased purchasing value of the dollar we are of the opinion that the award should be reduced to $500.00.
The judgment appealed from is reversed insofar as it awards damages to Mrs. Margaret Bramlett Smith and Mrs. Jessie Pace Smith. It is now ordered that the demands of these parties be rejected and their suits dismissed. The judgment appealed from in favor of Eustis Smith is amended by reducing the same to $500.00, and as so amended, it is affirmed. The judgment in favor of Raymond Smith is affirmed. The costs of appeal are to be borne equally by the ap-pellees and appellant.