REGAN, Judge.
Plaintiff, Eloise Dupuy, surviving spouse of Joseph N. Dupuy, instituted this suit against defendant, Richard E. Veazey, endeavoring to recover the sum of $23,425 for the wrongful death of her husband, which occurred in the intersection of St. Charles Avenue and Terpsichore Street, between three and four o’clock a. m. on January 21st, 1951, when Dupuy, a pedestrian, was struck by defendant’s vehicle as he attempted to cross the lakeside roadway of St. Charles Avenue.
Defendant answered and denied that he was guilty of any negligence; he asserted that Dupuy fell or threw himself in the path of the car and that he was intoxicated; and, in the alternative, pleaded the contributory negligence of the decedent.
From a judgment in favor of defendant dismissing plaintiff’s suit she prosecutes this appeal.
The record reveals that defendant was driving uptown in St. Charles Avenue in the general direction of Jackson Avenue. Dupuy was crossing St. Charles Avenue where it is intersected by Terpsichore Street, walking from the river towards the lake. Dupuy crossed the riverside roadway, then the neutral ground and entered the lakeside roadway of St. Charles Avenue. When he reached the approximate center of this roadway he was struck by the right front bumper and fender of defendant’s vehicle. The resulting injuries were almost immediately fatal.
Defendant concedes that he observed Du-puy as he stepped from the neutral ground *757 into the lakeside roadway of St. Charles Avenue when he was approximately ISO feet removed from the situs of the accident and travelling twenty-five or thirty miles per hour, at which time he sounded his horn; he noticed that the walk of Dupuy was not a normal gait; Dupuy had cleared the path of the automobile and had arrived at a point of relative safety in the street when “he fell backwards, staggering, falling. I am sure I have seen a drunk staggering * * *. He took two or three steps and fell”. Defendant further admits that when he observed the decedent leaving the neutral ground and entering the lakeside roadway of St. Charles Avenue, he did not reduce his speed nor attempt to swerve his car until the moment decedent suddenly fell or staggered backwards into the right front portion thereof, at which time he sharply turned left and subsequently applied the brakes of the vehicle.
Counsel for plaintifif in relying upon the well established principles of law originally enunciated in the cases of Rottman v. Beverly, 1936, 183 La. 947, 165 So. 153 and Jackson v. Cook, 1938, 189 La. 860, 181 So. 195 and reiterated in subsequent cases, insist that even if the decedent was negligent and even though that negligence continued up to the moment of impact, defendant is liable if he had the last clear chance of avoiding the accident and failed to do so. • In relying on the doctrine of last clear chance counsel for plaintiff has, in effect, admitted the negligence of Dupuy. Burns v. Evans Cooperage Co., Inc., 1945, 208 La. 406, 23 So.2d 165.
Counsel for defendant, on the other hand, concedes the merit of plaintiff’s counsel’s assertion with respect to the foregoing general principle of law, i. e., the doctrine of last clear chance applies despite the fact that a plaintiff’s negligence continues up to the moment of the accident, but he points •out that the application of this doctrine depends in the last analysis upon the defendant’s superior knowledge of the peril coupled with his ability to avoid the injury, or, more specifically since the pedestrian moved to a point where it appeared to the motorist that he would be safe in relation to vehicles, and then staggered backwards into the path of the automobile, the peril of the pedestrian was so suddenly created that the motorist was not afforded “a last clear chance” to execute any preventive measures to avoid the imminent accident.
The only eyewitness to the accident was called on behalf of plaintiff. He was Santo Brocato, a taxicab driver, who was parked in the neutral ground section of Terpsichore and St. Charles, facing the immediate situs of the accident and waiting for defendant’s car to pass in order that he could traverse the lakeside roadway of St. Charles Avenue. His version of the accident substantiates in graphic detail the testimony of defendant as to the manner in which the accident occurred. The front seat of defendant’s car, in addition to himself, was occupied by two guests, Mrs. Malcolm O’Hara and Mrs. Claude Foret, Jr., who did not observe the occurrence of the accident. Mrs. Foret was “dozing” and Mrs. O’Hara merely felt the impact of the car with the body of decedent, and her first impression was that the right side of defendant’s vehicle had “brushed” the “fender or bumper” of another vehicle.
The record is devoid of any proof that Dupuy was intoxicated although innuendo is there to that effect. The record is likewise devoid of any proof that defendant knew or should have known, at any time prior to his car’s actual contact with the body of Dupuy that he was intoxicated. Plaintiff’s counsel insist, however, that defendant is confronted with the impact of a strong inference of knowledge of intoxication since defendant recognized when he was 150 feet removed from the situs of the accident that Dupuy’s walk was not normal, but “a stooped walk. Not a rapid walk as you and I would walk across the street.”
The only question posed for our consideration is whether the facts and environmental characteristics of the accident as disclosed 'by the record permits of the application of the doctrine of last clear chance.
*758 In Rottman v. Beverly, supra [133 La. 947, 165 So. 156], the court reasoned that:
' “In cases of discovered peril, it is pertinent and material to ascertain whether the defendant could, after discovering plaintiff’s peril, have averted the accident by the exercise of due diligence. If he could have averted the accident by the exercise of due diligence and failed to do so, his negligence in that respect is considered the proximate and immediate cause of the injury, and the plaintiff’s negligence the remote cause, and the plaintiff may recover although his negligence continued to the instant of the accident. The basis of recovery in such cases is the defendant’s superior knowledge of the peril and his ability to avoid the injury. He has the last clear chance. 20 R.C.L. § 116, page 141.
“Of course, there can be no recovery against defendant if he used due care in discovering the peril and after discovering it could not avoid the accident, as in such case there would be no negligence at all on the part of the defendant.’’
In Jackson v. Cook, supra, the ratio de-cidendi of the Rottman case was extended to cover not only what the defendant actually observed prior to the accident, but what he was intellectually capable of observing and doing if he had maintained a reasonable lookout. Therefore, the legal or philosophical distinction between the Rottman case and the Jackson case is that: In Rottman v. Beverly, Mrs. Rottman’s acts of gross negligence continued up to the moment of the accident. Beverly, the driver of the automobile, actually observed her in her perilous position- in time to avert the accident had he exercised reasonable care. In Jackson v. Cook [189 La. 860, 181 So. 197], the plaintiff was guilty of gross passive as distinguished from active negligence which also continued up to the moment of the accident, however, the operator of the vehicle did not actually see, but could have seen the plaintiff in his peril had he been looking and the court was of the opinion that the duty of the operators of motor cars to look ahead and observe never ceases; “that what they can see they must see and in legal contemplation they do see;- that their failure to see what they could have seen * * * does not absolve them from liability.”
Now applying these foregoing principles of law to this case what is- the logical conclusion to be drawn therefrom ?
 We are of the opinion that the evidence does not warrant the result that the defendant was negligent nor that he had the last clear chance to avoid the accident. Plaintiff carried the burden of establishing fault on defendant’s part by a preponderance of the evidence. Not only has she failed in this respect, but it is now clear to us1 after a careful examination of the record that the death of Dupuy was caused solely by his gross negligence in staggering or falling backwards into the path of defendant’s car from a place of relative safety.
The district judge was of the opinion'that “the proximate cause of the accident was the sudden movement of the deceased from a point of safety into the path of defendant’s- oncoming automobile at a time when it was too late, from the standpoint of time and distance, for defendant to do anything effectively to avoid the accident”. We concur in this finding of fact.
There can be no recovery against the defendant if he exercised due care in discovering the peril and after discovering it could not have avoided the accident. When-defendant was 150 feet removed from Du-puy he was ■ not in a perilous position; when defendant was within a few feet of Dupuy he had cleared the path of defendant’s car; and when defendant initially observed Dupuy begin to stagger backwards several feet into the path of his car, this was the first time defendant either actually, Rottman v. Beverly, or constructively, Jackson v. Cook, discovered the decedent’s peril, obviously, under these circumstances he was not afforded a “last clear chance” to avoid the accident and, therefore, in conformity with the syllogism created as a result of the sound and not the specious reasoning appearing in various portions of the opinions in the Rottman *759 and Jackson cases, we conclude that the defendant incurred no liability as a result of the accidental death of Dupuy.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.