CAVANAUGH, Judge
(dissenting).
I disagree with the majority holding in this case that the plaintiff should have dis *618 covered the impending1 peril and should have stopped his automobile before the collision occurred and that in not doing so he was contributorily negligent and that his negligence was the proximate cause of the accident. The District Judge, in his written opinion, in rejecting this defense made this statement: •
“The defendant alternatively pleads contributory negligence on the part of plaintiff, averring when he perceived his peril he should have come to a stop. Had he done so, this might or might not have avoided the collision. It might possibly have made matters worse. In any event he was confronted with an emergency not of his own making and with little time to weigh the probabilities. He was warranted in believing that the truck driver would do what he should have done and it does not appear that.he had the last clear chance of avoiding the accident by any action he might have taken.”
. A driver proceeding on the right side of the travelled way may assume that the driver of a vehicle approaching on the same side or on his left-hand side will accord the driver coming from the opposite direction one-half of the travelled road. This rule is required by statute and vehicles meeting each other are required to grant one-half of the travelled highway for a distance of 200 feet before they meet. The evidence in this case unquestionably shows that plaintiff was on his right side of the road and defendant was on plaintiff’s side of the road also. They approached, each other travelling the same lane for a distance of 400 or 500 feet. Now, the majority opinion holds that plaintiff did not do anything to avoid the accident after he discovered the perilous situation and holds that he should have stopped or done something else besides what he did do in slackening his speed and blowing his horn. The plaintiff had the right to assume that defendant would accord him his portion of the trav-elled highway and that defendant would abide by the law of the road. The. evidence shows that there was a ditch S or 6 feet deep, or an embankment on the right or west side of the highway, and plaintiff could not turn to his right, and, of course, if plaintiff had turned to his left in front of defendant’s on-coming truck, there is no doubt plaintiff would have been negligent. The majority of , the court convicts the plaintiff of contributory negligence to bar his recovery after he slackened his speed when he first apprehended that, defendant would not return to his right side of the road and because he did not stop.
“The difficulty with this rule is that, although a traveller on the right may know that, if the on-coming vehicle maintains its course, there will inevitably be a collision, he can not know that the driver of such car will not turn in time to avoid a collision, in which event if he himself should turn to the left in violation of the rules of the road he would probably precipitate the catastrophe which he is seeking to avoid, and liability for which it would be hard for him to escape. It might seem better for him either to hold his course if a further turn to his right is impracticable or to stop and rely on the other driver changing his course in time, and so it is held in some jurisdictions.” Blashfield, Vol. 2, Secs. 919, 920 and 921, pages 92-105; Manuel v. Vidrine, 9 La.App. 446, 119 So. 542; Cutrer v. Jones, La.App., 9 So.2d 859; Kennedy v. Opdenweyer, 11 La.App. 532, 121 So. 636; Ford, Bacon & Davis, Inc., v. Shaw, 8 La.App. 751; Smith v. Baker, La.App., 59 So.2d 714.