98 So.2d 534 (1957)
Harold D. LITTON, Plaintiff-Appellant,
v.
Arbonia SAMUEL et al., Defendants-Appellees.
No. 8723.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1957.
Rehearing Denied November 26, 1957.
Tooke, Tooke & Gallagher, Shreveport, for appellant.
Browne, Browne, & Bodenheimer, Shreveport, for appellees.
*535 GLADNEY, Judge.
The plaintiff, Harold D. Litton, instituted this action against Arbonia Samuel and his liability insurance carrier, Canal Insurance Company of Carolina, for personal injuries and property damage sustained when his Dodge pick-up truck was involved in a head-on collision with an International truck owned and operated by Samuel. A similar action was brought by Samuel against Litton and the two cases were consolidated for the purpose of trial. However, prior to the commencement of trial the Samuel suit against Litton was dismissed as of nonsuit. Judgment herein was rendered in favor of the defendants, rejecting the demands of plaintiff, and the latter has appealed.
The accident occurred September 30, 1955, about midway of a straight and level portion of a narrow blacktop highway that extends southward from Shreveport, generally referred to as the Ellerbe Road, the Mansfield Road or the Frierson Road. At the time of the collision of the two vehicles atmospheric conditions were normal, there was moonlight, and the road was dry. It appears that Samuel was traveling north in his truck and meeting the truck of the plaintiff, which was traveling south. The testimony indicates that neither driver was traveling at an excessive speedsomewhere between twenty-five and forty miles per hour. The impact of the two vehicles occurred in Samuel's right portion of the highway, that is to say, the east side thereof, which fact was revealed by a gougedout place in the pavement and the presence of an oil slick. The foregoing evidence is not seriously contradicted by either party.
Plaintiff charges Samuel with negligence in failing to keep his vehicle under control and in not maintaining a proper lookout; in driving at an excessive rate of speed, and in driving in his improper lane of said highway without lights. The defendant makes the same charges against Litton and in addition thereto avers that Litton was driving while having partaken of intoxicating beverages. The defendant further pleads plaintiff was guilty of contributory negligence.
In submitting the case to the trial court, counsel for all parties expressly narrowed the issues to a consideration of whether either or both drivers were at the time of the collision driving on the wrong side of the highway and whether either vehicle was without lights. In support of his contention, plaintiff relies upon several witnesses to show that at several points somewhat distant from the scene of the accident, his lights were burning. The defendant produced witnesses to show that only a few hundred yards from and in the immediate vicinity of the place where the collision occurred, Litton's truck, without lights, passed in front of a colored church. In addition to the testimony of these witnesses, numbering seven or eight colored people who were present on the church grounds, a Mrs. Edna Aline Donaldson testified that while driving her automobile a short time before the accident occurred, she attempted to pass the truck, which she identified as that belonging to Litton, but she did not do so because of his erratic driving of his truck without lights. The only contradiction of this testimony comes from the plaintiff himself, who testified no one was present on the grounds of the church when he passed.
Some testimony was adduced that Litton did drink some beer at Niles' Drive-In. After reflecting over Litton's testimony that he saw no persons at the church when he passed, his denial of drinking beer as testified by Mrs. Nora Mastusa who said she opened a can of beer for Litton, together with the testimony of Mrs. Donaldson, the trial judge concluded plaintiff was under the influence of intoxicating beverages at the time of the accident. The court then determined the proximate cause of the accident was plaintiff's act of driving on the wrong side of the road.
On appeal counsel for appellant relies solely on the last clear chance doctrine. *536 His position is that Samuel testified he was going at a slow rate of speed and was familiar with the road; that at a distance of nearly a block away and beyond the range of his own lights, he saw Litton enter the straight road from the north and at that instant realized Litton was on the wrong side of the road; and that accordingly, Samuel should have foreseen a potential continued emergency and should have taken measures to prevent the accident; such as an ordinarily prudent and reasonable man might be expected to take, but in lieu of that he continued forward. The record does show that Samuel observed the approach of plaintiff's truck when it was several hundred feet distant. He testified that when he first observed the vehicle approaching he dimmed his lights and turned his vehicle to the right and almost instantly the collision occurred.
The question thus presented is whether the last clear chance doctrine is applicable under the circumstances related. This rule of law imposes upon one discovering the peril of another, brought about by the negligence of the other, the duty of taking every reasonable and prudent precaution to save the other from the consequences of his negligent acts. The party discovering the peril, however, can be held to do no more than what a normally reasonable and prudent man would do under the emergency of the situation and he will not be held to unerring judgment. Under this statement of law there can be no recovery against defendant where he exercised due care in discovering peril, and after discovering it, could not have avoided the accident. Myers v. Maricelli, La.App.1951, 50 So.2d 312; Dupuy v. Veazey, La.App. 1953, 63 So.2d 756. Generally speaking, the last clear chance doctrine is inapplicable where the negligence of the driver of plaintiff's vehicle continued to the moment of the accident. Hollabaugh-Seale Funeral Home v. Standard Accident Insurance Company, 1949, 215 La. 545, 41 So.2d 212. This general rule of inapplicability, however, is subject to an exception in certain instances and it is sometimes held that contributory negligence is not always a bar to recovery, even though plaintiff's negligence continues to the moment of the accident. Rottman v. Beverly, 1935-1936, 183 La. 947, 165 So. 153; Cassar v. Mansfield Lumber Company, Inc., 1949, 215 La. 533, 41 So.2d 209. This occasion arises where the defendant discovers plaintiff's peril at a time when he has the means within his control to avoid a mishap and fails to do so. When this occurs the defendant's negligence will be regarded as the proximate, immediate and efficient cause of the injury and plaintiff's negligence the remote cause. See Cassar, et ux. v. Mansfield Lumber Company, Inc., supra.
We must conclude from the facts presented that Samuel acted with due care and made every effort to avoid the collision, and, therefore, the doctrine of last clear chance has no application in this instance. Even though Samuel observed the approaching vehicle of Litton several hundred feet away under the special circumstances indicated by the record and recited above, there was no way for him to foretell until immediately before the collision that plaintiff would not turn to his right side of the highway. There was no way, of course, for Samuel to realize that Litton may have been under the influence of an intoxicating beverage, and that he would not properly control his vehicle.
The views which we entertain in the instant case are expressed in the dissenting opinion of Judge Cavanaugh in Davis v. Lewis & Lewis, La.App.1954, 72 So.2d 612, at page 618, wherein he quotes the trial judge:
"`The difficulty with this rule is that, although a traveler on the right may know that, if the on-coming vehicle maintains its course, there will inevitably be a collision, he can not know that the driver of such car will not turn in time to avoid a collision, in which event if he himself should turn to the left in violation of the rules of the road *537 he would probably precipitate the catastrophe which he is seeking to avoid, and liability for which it would be hard for him to escape. It might seem better for him either to hold his course if a further turn to his right is impracticable or to stop and rely on the other driver changing his course in time, and so it is held in some jurisdictions.' Blashfield, Vol. 2, Secs. 919, 920 and 921, pages 92-105; Manuel v. Vidrine, 9 La.App. 446, 119 So. 542; Cutrer v. Jones, La.App., 9 So.2d 859; Kennedy v. Opdenweyer, 11 La.App. 532, 121 So. 636, 123 So. 906; Ford, Bacon & Davis, Inc., v. Shaw, 8 La.App. 751; Smith v. Baker, La.App., 59 So.2d 714."
The dissenting opinion therein and the ruling of the trial judge quoted above were sustained by the Supreme Court when that court affirmed the judgment of the district court. See: Davis v. Lewis & Lewis, 1955, 226 La. 1064, 78 So.2d 174.
Having observed Litton's truck approaching on the wrong side of the narrow blacktop, Samuel could only have speculated whether or not Litton would continue to maintain his position and wholly disregard the approaching truck. We think in dimming his lights and turning to the right, his actions were prudent. Ramsey v. R. L. McDaniel, La.App.1955, 84 So.2d 276. In relying on the doctrine of last clear chance, counsel for plaintiff has, in effect, admitted the negligence of Litton. Burns v. Evans Cooperage Company, Inc., 1945, 208 La. 406, 23 So.2d 165; Dupuy v. Veazey, supra. We must conclude, as did the trial judge, that it is shown by a great preponderance of the evidence, that the sole and only proximate cause of the accident was the negligence of the plaintiff in driving his vehicle on the wrong side of the highway. We further find that the doctrine of the last clear chance has no application.
For the reasons hereinabove set forth, the judgment from which appealed is affirmed at appellant's cost.