ELLIS, Judge.
Plaintiff seeks to recover damages resulting from an automobile collision. His suit was dismissed and this appeal taken.
The trial court, after a hearing on the merits, dismissed plaintiff’s suit, with written reasons for judgment. These followl
“Homer Mobley has sued Donald A. Yates and his insurer, Citizens’ Mutual Automobile Insurance Company, for property damage and personal injuries suffered in a collision between a 1954 Chevrolet driven by Mobley and a 1950 Mercury driven by Yates.
“Plaintiff avers that the collision occurred ‘at and near the intersection of U. S. Highway 90 and State Highway 20’. Plaintiff correctly describes the site of the accident as follows: that State Highway 20 runs in a generally east and west direction at the site of the collision complained *90 of and constitutes and is a continuation in an easterly direction of U. S. Highway 90; and that U. S. Highway 90, as it makes a northerly approach to State Highway 20, at a point several hundred feet southerly of said State Highway 20 forms a fork, one branch thereof coursing northwesterly until it merges into State Highway 20 and the other branch going northeasterly until it merges into State Highway 20. It is noted that the collision occurred at the intersection of the northwesterly fork of U. S. Highway 90 with State Highway 20.
“Plaintiff alleges that on the night of November 29, 1956 he ‘was traveling in an easterly direction along U. S. Highway 90 and continued thereon in a straight way on to State Highway 20’, which is a continuation in an easterly direction of U. S. Highway 90; that he was then occupying his right traffic lane and proceeding in a cautious and careful manner; that ‘while occupying his said right lane of traffic on State Highway 20 he perceived the approach of a vehicle traveling northwesterly on U. S. Highway 90 (occupying the fork thereof which courses northwesterly and merges into State Highway 20) at an apparently high rate of speed’; that he slowed the forward motion of his car when he discovered the approach of the other vehicle; that the other vehicle continued in its northwesterly direction toward petitioner’s car without visibly slowing its forward movement; that while plaintiff ‘at all times believed that the approaching vehicle would not cross into his pathway and enter State Highway 20 without arresting its forward movement’, ‘it became apparent at the moment an emergency situation was created by the careless driving’ of defendant, ‘that the latter did not arrest the forward motion of his vehicle and that a collision was imminent’; that on thus being confronted with said emergency and in order to exculpate himself from his perilous situation and to avoid physical injury, plaintiff directed his vehicle away from the approaching vehicle and into and toward the left lane of travel of State Highway 20; that the defendant failed to arrest the forward motion of his vehicle or to stop in any way before reaching State Highway 20 and ran violently into the left front side of plaintiff’s car; that the sole and proximate cause of the collision was the gross and inexcusable negligence of the defendant, said negligence consisting generally in his failure to observe the traffic conditions and the right of way of plaintiff, and particularly in the following acts and omissions, to-wit:
“1. In driving at an excessive rate of speed under the circumstances ;
“2. In crossing into the pathway of your plaintiff’s car herein;
“3. In failing to keep a proper lookout at all times;
“4. In failing to keep his vehicle under proper control at all times;
“5. In failing to arrest the forward motion of his said vehicle in time to avert a collision;
“6. In failing to stop before entering into State Highway 20.
“In the alternative, plaintiff alleges that defendant had the last clear chance to avert the collision, and negligently failed to take advantage of the opportunity.
“The defendants deny any negligence on the part of Yates, but aver the collision to be the result of the negligence of plaintiff, and specifically allege the plaintiff to be guilty of the identical acts of negligence with which he charges defendant with this, difference, that plaintiff failed ‘to come to a stop prior to entering La. State Highway 20, in disregard of an official La. Stop Sign which required him to bring his automobile to such a stop’. In the alternative, defendants plead contributory negligence on the part of plaintiff.
“While the plaintiff’s petition sets forth a reasonably accurate description of the locus of the accident, we take the liberty of amplifying it to facilitate a clearer under *91 standing of the circumstances surrounding its occurrence at the time. The State Highway, beginning at Achriever in Terrebonne Parish, and running westerly toward Morgan City in St. Mary’s Parish, is a traffic artery that approximately parallels the Southern Pacific Railroad from Schriever for a substantial distance beyond Gibson, the scene of the accident. From Schriever to Gibson the highway is designated as La. 20, and at Gibson it joins U. S. 90 and continues westerly as U. S. 90. For the purpose of our description, U. S. 90 begins at Houma and follows the meander of Bayou Black westerly along its south bank as far as Gibson, where it traverses the bayou and runs northerly to meet La. 20 with a fork, the right fork running northeasterly to meet La. 20 and to continue easterly as La. 20, and the left fork running northwesterly to meet La. 20 and to continue westerly as U. S. 90.
“According to the testimony of Roy Jones, who then resided at the intersection more than five years and operated a filling station there, there had always been on U. S. 90 during the time of his residence and until a few days before the accident, two signs to warn a traveler on U. S. 90 from Houma, viz; first a small sign which read ‘Stop Ahead’, and then a ‘STOP’ sign on the northwest fork near the approach to La. 20, indicating the said La. 20 to be a main traffic artery with the right of way and continuing as such where it joins the northwest fork of U. S. 90. The testimony of Jones and other witnesses is that a few days before the accident the stop signs on U. S. 90 facing traffic going westerly toward Morgan City were removed, and were placed on La. 20 facing traffic going westerly toward Morgan City, thus indicating that at the time of the accident the main traffic artery was U. S. 90 running westerly from Houma and its continuation thereof in the same direction after its junction with La. 20, and travelers going west along La. 20 were warned to stop before entering the intersection. The certainty of the change and relocation of stop signs is emphasized by testimony that such change was the subject of controversial discussions in the area, and by the further fact that a few days after the accident the signs were relocated to their original positions on the left fork of U. S. 90, thus indicating a return to the previous status of La. 20 and its continuation westerly after its junction with U. S. 90 as a main traffic artery. To recapitulate, the testimony disclosed with unmistakable certainty that shortly before the accident and shortly thereafter traffic running westerly along U. S. 90 was required to stop before entering the junction of La. 20 with U. S. 90; but that at the time of the accident U. S. 90 was the main traffic artery, and traffic leaving or entering La. 20 was required to stop.
“The substance of the testimony of the plaintiff is that he had been residing in Gibson about six (6) years, that he made the trip to Morgan City and back every day, where he worked as a barber; that he was returning from Morgan City to his home in Gibson on the day of the accident, after dark and just before 7:00 P.M.; and that his travel route was from Morgan City over U. S. 90 and thence onto La. 20 and thence to his home. He stated that as he approached the intersection of U. S. 90 and La. 20 (the point where U. S. 90 and La. 20 merge) he saw the car driven by Yates approaching on the northwest fork of U. S. 90; that as he drew nearer the intersection he slowed his speed to about 20 or 25 miles per hour, at which time he thought the Yates car ‘would stop or slow up’; that the Yates car was approaching at a ‘fast rate of speed’ and that ‘he’s the one should have stopped’. Plaintiff declared that he ‘had the right of way’, that ‘20 is the thoroughfare there. It has the right of way’, and that Yates ‘should have stopped’. When asked ‘what at this particular moment made you believe that you were on a right of way road’, he replied that ‘it always was’, and for that reason he made no attempt to stop, but insisted that Yates should have stopped. He stated that T tried to turn to my left on 20 to avoid the accident, but I didn’t have time.’ Plaintiff was under the impression *92 that there were stop signs for west bound traffic on U. S. 90, since he stated ‘they’re supposed to have them there, I never went on 90. I always go 20, so, therefore, I don’t know what they had on 90’.
“It is evident from the testimony, that plaintiff on the day of the accident followed his usual course to and from Morgan City on La. 20 and U. S. 90, that on his return from Morgan City he traveled easterly on U. S. 90 and then proceeded onto La. 20 without stopping, as he apparently always had done; that it appears that plaintiff was unaware of the removal of the stop signs from the northwest fork to U. S. 90 to La. 20; and that, having always had the right of way from U. S. 90 onto La. 20, he assumed that he had such right of way on the day and at the time of the accident.
“The testimony is clear that Yates drove his car northwesterly along the fork of U. S. 90 toward the point of its merger with La. 20; that he slowed down from a speed of 50 or 55 miles an hour upon crossing the Bayou Black bridge just before entering the left fork of U. S. 90; that he traveled at a fairly fast rate around the curve of the fork; that he passed some cars passing to his left on the fork of U. S. 90 before sighting the Mobley car, which was approaching from his left; and that when it appeared to him that the Mobley car was traveling close to the center line, he pulled to his right to allow Mobley to pass safely. This is confirmed by Jones, who stated that Yates swerved to the right a little and he (Jones) ‘figured he was trying to get out of the way’.
“It is under the foregoing circumstances that the two cars crashed in the intersection. The only substantial divergence in the testimony of the witnesses relates to the point of impact, Mobley fixing it at one place, Yates at another, and Jones and Mrs. Hassell at still another. Since Jones and Mrs. Hassell are not only disinterested witnesses, but, because they were not involved in or subjected to the stress and strain of the accident, they were also in a better position to take a calm and dispassionate view of the scene, we shall accept the spot designated by the said two witnesses as the approximate point of impact.
“That point is approximately on the projected south line of the south or east bound lane of La. 20 and north of the projected north line of the north or west bound! lane of U. S. 90; the point of impact indicates that Mobley had pursued an approximately straight course from the right east bound lane of U. S. 90 into the right east bound lane of La. 20, and that Yates had turned right off the right west bound lane-of U. S. 90, as the testimony indicates, in his apparent effort to avoid the collision.
“There can be no doubt that U. S. 90 was the main traffic artery at the intersection in. question on the day of the accident, as indicated by the stop signs previously referred to hereinabove. The burden, therefore, was upon travelers entering U. S. 90* from La. 20'or entering La. 20 from U. S. 90, to exercise the care and caution necessary to assure that entry upon 90 or egress-from 90 was safe. Hence, it was the duty of plaintiff to exercise such care, even to-the extent of bringing his car to a stop. The failure of plaintiff to exercise suclr care, as evidenced by his own testimony, was negligent, and it is our view that such negligence was the proximate cause of the accident in this case.
“If the markers had been in place as they were before and after the day of the accident, as plaintiff always knew them, that is, designating La. 20 and its continuation westerly into U. S. 90 as the main traffic artery, the burden to exercise care would then have been on the defendant. It is unfortunate that the Department of Highways ill-advisedly changed the highway markings temporarily as they did and also, in our view, negligently failed to give such change a degree of prominence that would have better assured observance on the part of travelers. Nevertheless, such departmental *93 action can not be chargeable to the defendant in this case, who proceeded along the highway in conformity with traffic directions. While it is true that the defendant should have known he was approaching an intersection and should have proceeded at a more cautious rate of speed as he approached it, nevertheless, he was entitled, as a traveler on a main highway in accordance with the then existing markings, to proceed along his way and to expect travelers entering upon or leaving such highway to take such care as to assure a safe entry upon or departure from said main traffic artery.
“In this case, we believe that the plaintiff unknowingly and unintentionally failed to exercise the care that the circumstance then existing placed upon him. Nevertheless, such lack of knowledge or intention cannot be held to remove the burden from him in this case. While it is distressing to do so, we are constrained to hold that his nonobservance of the then existing regulations was the negligence that was the proximate cause of the accident.
“For the above and foregoing reasons, it is ordered, adjudged, and decreed that there be judgment denying and dismissing the demands of plaintiff at his cost.”
Counsel for the plaintiff argues Yates, driver of the insured vehicle, should have yielded the right of way to the plaintiff upon the basis he, Yates, was driving on a street opening into but not crossing the other street and that he should have kept a look-out for drivers thereon and warned them of the direction he intended to go. The case of Moore v. Liddell Brothers Candy Co., 155 La. 1018, 99 So. 856, is cited in support of this contention. However, in the Moore case the driver of a motorcycle was killed by a truck with which he collided when the deceased was coming out of a quiet street into a much-traveled one. This case is inapposite here.
Also cited is Martens v. Penton, 15 La. App. 35, 130 So. 354. In that case a collision took place on the Baton Rouge-Hammond Highway when a motorist on an inferior road, which was not a highway, entered the highway without looking for approaching traffic, which he knew to be a favored road. This case also has no bearing here.
Plaintiff emphatically re-urges here his plea of the last clear chance. For this doctrine to apply the negligence of the plaintiff is admitted. If this be so a defendant who, exercising due care in discovering peril, and after discovering it, could not avoid the accident, he cannot be held liable under the last clear chance doctrine. The duty of one discovering the peril of another is set forth in the case of Litton v. Samuel, La.App., 98 So.2d 534, 536:
“The question thus presented is whether the last clear chance doctrine is applicable under the circumstances related. This rule of law imposes upon one discovering the peril of another, brought about by the negligence of the other, the duty of taking every reasonable and prudent precaution to save the other from the consequences of his negligent acts. The party discovering the peril, however, can be held to do no more than what a normally reasonable and prudent man would do under the emergency of the situation and he will not be held to unerring judgment. Under this statement of law there can be no recovery against defendant where he exercised due care in discovering peril, and after discovering it, could not have avoided the accident. Myers v. Maricelli, La.App.1951, 50 So.2d 312; Dupuy v. Veazey, La.App.1953, 63 So. 2d 756. Generally speaking, the last clear chance doctrine is inapplicable where the negligence of the driver of plaintiff’s vehicle continued to the moment of the accident. Hollabaugh-Seale Funeral Home v. Standard Accident Insurance Co., 1949, 215 La. 545, 41 So.2d 212. This general rule of in *94 applicability, however, is subject to an exception in certain instances and it is sometimes held that contributory negligence is not always a bar to recovery, even though plaintiff’s negligence continues to the moment of the accident. Rottman v. Beverly, 1935-1936, 183 La. 947, 165 So. 153; Cassar v. Mansfield Lumber Co., Inc., 1949, 215 La. 533, 41 So.2d 209. This occasion arises where the defendant discovers plaintiff’s peril at a time when he has the means within his control to avoid a mishap and fails to do so. When this occurs the defendant’s negligence will be regarded as the proximate, immediate and efficient cause of the injury and plaintiff’s negligence the remote cause.”
An examination of the testimony of Yates discloses he had never traveled in the vicinity of the accident before; that he was unaware that Louisiana 20 merged with Highway 90 at the point of the accident. He also testified he believed the plaintiff was going to continue traveling on U. S. Highway 90 as had the vehicles which preceded him; that when he noticed the plaintiff was traveling close along the center line he pulled his vehicle to the right in order to give the plaintiff as much room as possible to pass. This testimony is confirmed by disinterested witnesses. Yates did everything in his power to avoid the accident, and the negligence of the plaintiff continued to the point of impact, who did nothing at all to avoid the accident. When it became apparent to Yates that plaintiff’s vehicle was not going to stop or pull to the right he did everything reasonable and prudent under the circumstances by steering his own vehicle to the right, and the collision occurred. The plaintiff saw the defendant was not stopping and certainly, as set forth in the written reasons, supra, there was no obligation upon the part of Yates to bring his vehicle to a stop. The doctrine of the last clear chance is inapplicable here.
The judgment of the District Court is affirmed.