LOTTINGER, Judge.
This is a suit for property damages resulting from an automobile accident, the petitioners are Steve G. Doucas and his subrogee, Aetna Casualty & Surety Company, the defendant is St. Paul Mercury Indemnity Company, the liability insurer of the City of Opelousas. Damages are claimed by Doucas in the amount of $100, said sum being the deductible amount under his collision insurance policy, and the the Aetna Casualty & Surety Company claims the sum of $224.29, being the balance of damages sustained to petitioner Doucas’ automobile as a result of the accident. The Lower Court rendered judgment in favor of the plaintiffs and against the defendant and the defendant has prosecuted this appeal. The petitioner Doucas claims that on July 12, 1956, he was driving his automobile in a southerly direction on Union Street within the corporate limits of the City of Opelousas, Louisiana. Union Street is a main highway which connects the City of Opelousas with the City of Lafayette. Upon reaching the intersection of Union Street with Jefferson Street, Doucas stopped for a red light and then continued his journey southerly towards Lafayette, Louisiana. Proceeding in a southerly direction, he attempted to pass a garbage truck operated by the City of Opelousas, and blew his horn twice pri- or to attempting to negotiate the passing. While he was some 15 or 20 feet behind the garbage truck and proceeding at a speed of approximately 35 miles per hour, the garbage truck commenced to turn to the left, forcing petitioner to take to the left shoulder of the highway where there was an impact between the left rear of the garbage truck and the right front of the petitioner’s vehicle. Petitioner claims that the driver of the garbage' truck intended to make a left turn into Highland Drive, but that he started swerving to the left a good distance before the intersection, thus causing the accident.
The defendant insurance company, on the other hand, contends that its driver, Mr. Luke Chautin, had been employed for some time as a garbage truck driver for the City of Opelousas. On the day of the accident, Chautin had been picking up garbage on Tennis Street in the City of Opelousas, and turned from Tennis Street into Union Street in a southerly direction shortly prior to the accident. Tennis Street intersects Union Street at a distance of approximately 100 feet north of the intersection of Union Street with Highland Drive. The intersection of Highland Drive with Union Street is what is commonly known as a “T” intersection, Union Street runs north and south and Highland Drive runs easterly only from Union *861 Street. Although the evidence is conflicting, it appears that Highland Drive is 20 to 25 feet in width and is a gravel road.
Chautin testified that as he approached Union Street from Tennis Street he stopped and looked both ways before entering Union Street. He then proceeded about some 50 feet in the southerly direction on Union Street before turning on his left turn light signal. Upon proceeding another 50 feet, he commenced to turn left into Highland Drive when he heard the screeching of brakes and there was an impact between the left rear end of his truck and the right front of the petitioner’s vehicle. The petitioner contends that the sole and proximate cause of the accident was the gross negligence of the driver of the garbage truck in attempting to execute a left hand turn in the face of passing traffic. The defendant, on the other hand, contends that the excessive speed, failure to look out, and the attempted passing at an intersection, on the part of petitioner’s driver, constituted the sole and proximate cause of the accident, or at least contributing factors thereto. Of course, there are numerous inconsistencies in the testimony between the various witnesses to the accident. Most of the testimony, however, places the point of impact either in the intersection of Union Street with Highland Drive or just some 5 to 10 feet north thereof. The petitioner Doucas testified that he first attempted to pass the garbage truck' when he was at a distance of some 150 to 180 feet north of Highland Drive. Now such distance is impossible because both the driver as well as the passenger in the garbage truck testified that they entered Union Street from Tennis Street at a distance of only 100 feet north of Highland Drive. The petitioner driver testified that prior to the accident he was driving at about 20 to 25 miles per hour, that, however, when he determined to pass the garbage truck he speeded up to approximately 30 to 35 miles per hour.
Mr. Steven Genusso, who was a passenger in the Doucas vehicle, testified that the Doucas vehicle was approximately 35 feet from the intersection when the driver first blew his horn notifying his intention to pass the garbage truck, that when the truck was about 15 to 25 feet north of the intersection, the driver thereof commenced his left hand turn. This witness placed all the action on the part of both drivers, including the blowing of the horn preparatory to passing, the attempted passing, the left turn of the garbage truck, the impact, as well as the final resting places of both vehicles after the impact within a distance of 35 feet from the intersection.
As to the defense witnesses, Mr. Chautin, the driver of the garbage truck, Theodore Moreau, the passenger, and Wallace Matte, the investigating officer, all testified that after the impact, the truck stopped heading into Highland Drive, and that the petitioner’s automobile' was close to its left hand ditch just a few feet north of the northernmost line of Highland Drive. These witnesses all testified that the front two wheels of the garbage truck were off the pavement heading into Highland Drive, the left rear wheel was either off or nearly off the pavement, and that the right rear wheel was approximately half-way on the east lane of traffic of the paved portion of the highway. The investigating officer testified that the point of impact was “almost in the driveway of the Highland Drive.”
We believe that the record clearly shows that the petitioner driver was guilty of negligence which was a contributing factor to the accident. He admitted in his testimony that immediately prior to the impact he was exceeding the speed limit. This seems to be substantiated by the physical evidence of his skid marks which were some 39 feet in length. The record also indicates that the petitioner was attempting to pass the garbage truck at an intersection which intersection was very familiar to the petitioner driver as he had often visited friends on Highland Drive.
A similar situation was presented to the Supreme Court in the case of Hollabaugh- *862 Seale Funeral Home, Inc. v. Standard Acc. Ins. Co., 215 La. 545, 41 So.2d 212, 241. In that case both vehicles were traveling east on Government Street in the City of Baton Rouge, and the collision took place as Mrs. De Frances attempted a left turn into the east roadway of Oakwood Drive at a time when an ambulance was overtaking and attempting to pass her. Mrs. De Frances had not actually reached the east roadway of Oakwood Drive when she commenced edging over to the left or north side of Government Street preparatory to negotiating the turn when she was struck by the front of the ambulance at approximately the neutral ground of Oakwood Drive. The testimony in that case shows that the ambulance was being driven at a speed of 40 miles per hour and that the De Frances vehicle was being driven at a very slow speed, some 15 or 20 miles per hour. In that case, the Supreme Court reversed the judgment of the Court of Appeal and held the negligence of the driver of the ambulance, in attempting to pass another vehicle at an intersection, to be a contributing cause to the accident. The Court, in that case, said:
“Primarily, it seems evident from the circumstances and conditions surrounding the accident that, if the ambulance driver had exercised the caution and lookout expected of a prudent driver, he would have observed that the slowly driven Dodge truck was preparing to execute a left turn and would have refrained from attempting to pass it at the intersection in direct violation of paragraph (e) of Rule 7, Section 3 of Act 286 of 1938, Dart’s Statutes Section 5212, providing: ‘The driver of a vehicle shall not, under any circumstances, overtake or pass another vehicle proceeding in the same direction at any steam, electric or other railroad grade crossing or any intersection of the highway, unless permitted or instructed to do so by a duly authorized traffic or police officer.’”
Now the record discloses that in the instant case, the petitioner Doucas was driving at an excessive rate of speed. The evidence further discloses that he attempted to pass the garbage truck at an intersection, or so close thereto that it would have been impossible for him to pass the truck and have returned to his own lane of traffic prior to reaching the intersection. It appears to this Court that his negligence was certainly a contributing cause of the accident, for which petitioner should be denied recovery.
For the reasons hereinabove assigned, the judgment of the Lower Court will be reversed and there will be judgment herein dismissing petitioners’ suit, all costs to be paid by petitioners.
Judgment reversed.