LANDRY, Judge.
Appellant, Great American Insurance Company, subrogee of its collision assured, Richard Vicknair, brought this action to recover from defendants Holton Hill and Alfred Freeman, the sum of $674.50 paid by appellant to effect certain repairs to Vicknair’s automobile damaged in a collision which occurred at the intersection of Range Road and Louisiana Avenue within the limits (but near the municipal boundary lines) of the City of Hammond, Louisiana, at or about 3:00 p. m., February 24, 1959.
Defendant Freeman was traveling southerly along Range Road (a two lane, blacktopped highway running in a northerly-southerly direction) at a slow rate of speed, during a driving rain, in a “bob tailed” truck owned by his employer and co-defendant herein, Holton Hill. As Freeman attempted to execute a left turn onto Louisiana Avenue (which intersects Range Road and runs in an easterly-westerly direction) the truck was struck behind its left rear wheel by the front of the Vicknair automobile which latter vehicle was also proceeding southerly and attempting to pass not only the Freeman truck but also an unidentified automobile likewise proceeding southerly and following closely behind the truck. As previously stated, Range Road is a hard surfaced thoroughfare. Louisiana Avenue, however, is graveled to the east and hard surfaced to the west of Range Road (left and right respectively to a motorist southbound on Range Road). The point of impact between the vehicles is not shown with any degree of certainty but it does appear that following the collision the Vicknair automobile came to rest a short distance north of the intersection with its left wheels approximately two feet onto the left shoulder of Range Road whereas the truck completed its turn and stopped on the graveled surface of Louisiana Avenue.
Our learned brother below, without assigning written reasons therefor, rejected plaintiff’s demand and dismissed plaintiff’s suit. We feel justified in assuming that the trial court, in rejecting plaintiff’s action, concluded either that Freeman was free of negligence constituting a proximate cause of the accident, or that Vicknair was guilty of contributory negligence in one or more of the respects alternatively charged by defendants.
Appellant alleges the accident resulted solely from the negligence of Freeman who is charged with failure to maintain a proper lookout, failure to give proper signal of his intention to make a left turn and attempting a left turn when it was unsafe to do so.
Defendants’ answers assert that Freeman was free of negligence, that he did give the required turn signal and that the sole proximate cause of the accident was the negligence of Vicknair in traveling at an excessive rate of speed, failing to maintain a proper lookout, passing two vehicles at an intersection and failure to see the signal given by Freeman.
Freeman testified he was proceeding Southerly along Range Road at a slow rate of speed in an extremely hard rain being followed closely by an unidentified vehicle the presence of which he was fully aware. As he neared the intersection of Louisiana Avenue he looked in his rear view mirror, extended his arm in a left turn signal and, observing that the car immediately behind his truck had reduced its speed to permit him to turn, commenced his turn whereupon his truck was struck from the rear by the Vicknair vehicle which admittedly he had not seen. His testimony is clearly to the effect that when he glanced to his rear the Vicknair automobile was not in sight and he was not cognizant of its presence until, almost simultaneously with the impact, he heard the sound of its horn. He testified positively that he did extend his arm in the required signal.
*671 Vicknair testified he was proceeding at a speed between 30 and 40 miles per hour in a light or drizzling rain as differentiated from the downpour described by Freeman. He passed the car following Freeman’s truck, remained in the left or passing lane and sounded his horn preparatory to overtaking and passing Freeman. When the front end of his car reached a point about even with the rear of the truck Freeman began his left turn and Vicknair applied his brakes but was unable to avoid the collision. He stated positively that he did not see a hand signal.
Officer Sherman, a member of the Hammond Police Department, testified he investigated the accident arriving at the scene shortly after the collision occurred. He stated unequivocally it was raining extremely hard at the time he received the report of the accident. He clearly recalled Vicknair telling him that he (Vicknair) was traveling between 30 and 40 miles per hour as well as his pointing out to Vicknair that the speed limit was 25 miles per hour and directing Vicknair’s attention to a nearby sign which so indicated. Sherman further testified Vicknair admitted he could have stopped had it not been raining at the time of the accident. Additionally Sherman testified he would have charged Vick-nair with speeding except for the fact he noted Vicknair was slightly injured and instead of charging him with a traffic violation suggested that Vicknair leave the scene and seek medical attention.
We are not unmindful of the innumerable instances in which the courts of this state have repeatedly pronounced and reaffirmed the principle that a left turn is one of the most dangerous maneuvers a motorist may make and that, in executing a left turn, a motorist is under a duty to see that the way is clear of all oncoming as well as overtaking traffic. Likewise we are cognizant of the many cases which hold that the operator of a motor vehicle contemplating a left turn must signal his intention as required by law and must not attempt such action until he can uo so in safety and without endangering oncoming or overtaking motorists lawfully using the highway. We believe the foregoing rules so well established as to require no citation of authority in support thereof.
In urging our reversal of the judgment of the trial court, learned counsel for appellant has cited many cases involving left turn accidents each of which said cases we have diligently read. Conceding all the cited authorities contain pronouncements of the general rules hereinabove set forth and acknowledged to be applicable in left turn collision cases, we find they are not decisive of the case at bar because of factual distinctions between the cited cases and the matter presently before us. To distinguish but a few of the cases cited by counsel for appellant we find that Blanchard v. Ashby Construction Co., La.App., 95 So.2d 670, does not involve a left turn accident as such but rather fast moving traffic on a double lane highway. Methvin v. Roshto, La.App., 96 So.2d 383, Madison v. Southern Farm Bureau Casualty Insurance Co., La.App., 120 So.2d 342, Kirby v. Fidelity & Casualty Company of New York, La.App., 110 So.2d 182 and McDonald v. Zurich General Accident & Liability Ins. Co., Limited, La.App., 25 So.2d 923, are inapposite because they involve a left turn in the face of oncoming traffic.
It is basic law that negligence (as well as contributory negligence) is a question of fact which, in final analysis, must be determined in the light of the circumstances of each individual case. No citation of authority is needed in support of the rule that one whose contributory negligence is found to be the proximate cause of an accident may not recover damages for injury or loss sustained therein. It is equally clear that the negligence of Vicknair (if any) is imputable to his sub-rogee, appellant herein. Casualty Reciprocal Exchange v. Samuels, La.App., 51 So.2d 341, Washington Fire & Marine Ins. Co. v. Bradford, La.App., 96 So.2d 332.
*672 Pretermitting all consideration of the alleged negligence of defendant Freeman, we conclude the finding of the trial court must be affirmed because of contributory negligence on the part of Vicknair as hereinafter set forth.
A careful reading of the transcript herein convinces us that Vicknair’s speed was excessive under the attending circumstances and his negligence in this respect was a proximate cause of the accident.
Although Vicknair testified only a slight rain was falling at the time of the collision, his testimony on this score was flatly contradicted by Freeman as well as the disinterested witness Officer Sherman both of whom unequivocally testified it was raining quite hard. In this connection we take particular note of Sherman’s testimony to the effect tire rain was such that in proceeding to the scene to investigate the accident he had to drive so slowly it required double his normal driving time to travel the distance involved. On this same issue we also attach considerable significance to Vick-nair’s admission to Sherman that he (Vick-nair) could have avoided striking the truck but for his speed and the fact the pavement was wet and slippery.
The testimony on the question of whether Freeman did or did not give the proper signal of his intention to turn is admittedly conflicting in that Freeman testified he did signal and in substance Vicknair testified no signal was given or, if it was, he did not see it. Vicknair also testified Freeman could not have given a hand signal because after the accident he noted the window on the driver’s side of the truck was up. In this regard his testimony is again contradicted by that of Sherman who stated that upon arriving at the scene he examined the truck and found there was no glass in the door on the driver’s side. The learned trial judge resolved this all important issue adversely to appellant. His conclusion in this regard does not appear manifestly erroneous and will therefore be sustained.
In addition we note Vicknair’s testimony regarding the position of the unidentified vehicle following the truck which unidentified vehicle, incidentally did not stop following the accident. Although Vicknair testified he had already passed the unidentified car and there was no vehicle between him and the truck as he started to pass Freeman, he also testified that at the time he started to pass Freeman the unidentified vehicle was so close there was insufficient room for him to get into the right lane between Freeman and this unidentified automobile. We believe the aforesaid testimony of appellant’s assured justifies the conclusion that not only was Vicknair traveling at an excessive rate of speed but that he was attempting to pass not one but two vehicles under circumstances which made such conduct extremely dangerous because of the conditions prevailing. We also believe his attempt to pass two vehicles while traveling at an illegal and excessive rate of speed in a driving rain which materially restricted his visibility, was negligence of the grossest sort and constitutes contributory negligence barring recovery of his subrogee, appellant herein.
The circumstances attending the case at bar impress us as more properly falling within the purview of Cotton v. American Indemniy Company, La.App., 116 So.2d 342, Hollabaugh-Seale Funeral Home, Inc. v. Standard Accident Insurance Co., 215 La. 545, 41 So.2d 212, Aetna Casualty & Surety Co. v. St. Paul Mercury Indemnity Co., La.App., 107 So.2d 859 and Hinton v. Beyl, La.App., 122 So.2d 680.
The views herein expressed obviate the necessity of our consideration of Vicknair’s alleged contributory negligence in attempting to pass at an intersection in violation of LSA-R.S. Title 32 Section 233, subd. E.
For the reasons hereinabove set forth the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.