41 So.2d 212

**HOLLABAUGH–SEALE FUNERAL HOME, Inc. v. STANDARD ACC. INS. CO. et al.**

No. 38878.

April 25, 1949.

Rehearing Denied May 31, 1949.

Jess Johnson, Baton Rouge, for plaintiff-respondent.

Watson, Blanche, Fridge, Wilson & Posner by John R. Fridge, Baton Rouge, for applicants.

McCALEB, Justice.

On August 31, 1944, a Buick ambulance owned by plaintiff and operated by its employee, Lonnie R. Scott, was damaged when it collided with a small Dodge pickup truck, owned by Frank De Frances and driven by his wife, on Government Street at its intersection with Oakwood Drive in the city of

Baton Rouge. Alleging that the accident was caused by the negligence of Mrs. De Frances in attempting a left turn from Government Street into Oakwood Drive without previous warning at a time when the ambulance was about to pass the truck, plaintiff brought suit against De Frances, his wife and their liability insurance carrier to recover $474.09, representing the damage sustained by the ambulance.

The defendants denied that Mrs. De Frances was at fault and asserted that the accident was attributable to the imprudence of the ambulance driver in travelling at an unlawful and dangerous rate of speed; in failing to sound his horn or siren as a signal of his approach and in attempting to overtake and pass the Ford truck at the intersection in violation of the Highway Regulatory Law, Act 286 of 1938. Alternatively, they pleaded the contributory negligence of the ambulance driver in the particulars above set forth.

After a hearing in the District Court, plaintiff's suit was dismissed, the judge being of the opinion that the ambulance driver was guilty of contributory negligence. Plaintiff then appealed to the Court of Appeal for the First Circuit, where the ruling was reversed and judgment was rendered in plaintiff's favor as prayed for.[1] Certiorari has been granted and the matter is submitted for our decision.

The accident occurred at about 11:30 p. m. on a clear summer night. Government Street is a paved thoroughfare running east and west in the city of Baton Rouge, being intersected from the north by Oakwood Drive, which has two roadways separated by a neutral ground. Both vehicles were travelling east on Government Street and the collision took place as Mrs. De Frances was starting a left turn into the east roadway of Oakwood Drive from the south side of Government Street at a time when the ambulance was overtaking and attempting to pass her truck at considerable speed. The evidence shows that Mrs. De Frances had not actually reached the east roadway of Oakwod Drive as she began her turn, rather, she was edging over to the north or left side of Government Street and preparing to negotiate the turn when the left side of her truck was struck by the front of the ambulance approximately at the neutral ground of Oakwood Drive. The impact of the ambulance against the truck was so great that the front end of the truck was shunted back into the southern portion of Government Street and the ambulance continued on across the east roadway of Oakwood Drive where it mounted the curbing at the northeast corner of the intersection and knocked down a fire hydrant.

Mrs. De Fances was alone in the truck at the time of the accident and was returning home from an errand for her husband. The ambulance driver was accompanied by his fiance (presently his wife) and another

---

[1] See 32 So.2d 616.

employee (who could not be located to give evidence at the trial).

The ambulance driver's testimony is that he was travelling at a speed of 40 miles per hour; that he first noticed the truck ahead of him when he was about 50 yards to its rear; that it was proceeding at a very slow speed; that, when he arrived within passing range (25 yards from the truck), he crossed over to the left side of the street and blew his horn; that, when he reached the intersection of Oakwood Drive and was about to overtake the truck—that is, when the front end of the ambulance had progressed to a point approximately even with the rear end of the truck—the driver of the truck, without holding out her arm but merely giving a hand signal, suddenly swerved to the left forcing him to pull the ambulance over on or near the neutral ground and that, as the truck continued to turn, he was unable to avoid impact with its left side.

The evidence of the wife of the ambulance driver is vague and obscure in many particulars, so much so as to make it apparent that her attention was distracted from the circumstances surrounding the accident. She does not know how fast the ambulance was travelling nor is she able to testify as to any of the approximate distances between the ambulance and the truck on the approach to the intersection. While she attempts to corroborate her husband as well as she can, her evidence is of little value in determining the negligence of the principals to the collision.

Mrs. De Frances states that she was travelling at 15 or 20 miles per hour; that, as she approached Oakwood Drive, she retarded her speed and gave a hand signal; that she looked into her rear view mirror and saw the lights of an approaching automobile (undoubtedly, she believed that it was not in such close proximity that it would impede her in making the left turn into Oakwood Drive); that, upon reaching the neutral ground of Oakwood Drive, she turned to the left and that, simultaneously, the truck was struck by the ambulance which had entered the intersection at a rapid rate of speed.

The Court of Appeal was of the opinion that Mrs. De Frances was negligent in edging over to the left side of the street before she reached the east roadway of Oakwood Drive and it was also of the view that she did not exercise the care and caution required of a driver in executing a left hand turn. We do not deem it necessary to consider whether this conclusion of the Court is supported by the preponderating evidence —for, conceding that Mrs. De Frances was at fault, it is patent to us that the ambulance driver was guilty of contributory negligence which effectively bars plaintiff's recovery.

Primarily, it seems evident from the circumstances and conditions surrounding the accident that, if the ambulance driver had exercised the caution and lookout expected

of a prudent driver, he would have observed that the slowly driven Dodge truck was preparing to execute a left turn and would have refrained from attempting to pass it at the intersection in direct violation of paragraph (e) of Rule 7, Section 3 of Act 286 of 1938, Dart's Statutes Section 5212, providing: "The driver of a vehicle shall not, under any circumstances, overtake or pass another vehicle proceeding in the same direction at any steam, electric or other railroad grade crossing or any intersection of the highway, unless permitted or instructed to do so by a duly authorized traffic or police officer."

■ The ambulance driver admits that he was travelling at 40 miles per hour, which speed he did not diminish in any appreciable extent from the time he first saw the truck until he attempted to pass it. Such a rate of speed of travel was hazardous under the circumstances obtaining in this case, that is, where the driver was attempting to overtake and pass a slower moving vehicle at an intersection.

■ It is the rule, as stated by the Court of Appeal, that the violation of a traffic regulation will not be regarded as actionable negligence if it is without causal connection to the accident. But, here, we entertain no doubt that the overtaking and attempted passing of the truck at the intersection by the ambulance driver was, a least, a factor which contributed to the accident—albeit, it may have been the proximate and predominating cause—the "causa causans".

■ Finally, counsel for plaintiff invokes the doctrine of last clear chance. Strictly speaking, last clear chance is inapplicable as the negligence of the ambulance driver continued to the moment of the accident. The kindred doctrine of discovered peril announced by this Court in Rottman v. Beverly, 183 La. 947, 165 So. 153 and applied in Cassar et al. v. Mansfield Lumber Company, Inc., 215 La. 533, 41 So.2d 209, is not appropriate to this case because there is nothing in the testimony of Mrs. De Frances to show that, prior to the time she negotiated the left turn, she was aware of the speed of the ambulance, its close proximity and its attempt to overtake and pass her truck.

The judgment of the Court of Appeal is reversed and plaintiff's suit is dismissed at his cost.

HAMITER, J., concurs in the decree.

O'NIELL, C. J., takes no part.