McINNIS, Judge.
On October 23, 19S1 a 1948 Ford one and one-half ton truck, with a school bus type of body, belonging to plaintiff was struck on the left rear part of the body by the right front part of a 1951 Chevrolet truck with trailer, belonging to the defendant Cotton Baking Co., Inc., at a point some six miles south of Coushatta in Red River Parish, on U. S. Highway 71.
Plaintiff sues Cotton Baking Co., Inc., and its public liability insurer, United States Fidelity & Guaranty Company, for $357.50, alleged damage to his truck, charging negligence of the operator of the Chevrolet truck, Johnny C. Rogers.
Defendants answered denying any negligence on the part of Rogers, and charging that the negligence of Simpson, operator of plaintiff’s bus, was the cause of the collision, and in the alternative that his negligence contributed to the collision, apd by way of a reconventional demand, the der fendant Cotton Baking Company, Inc., prays for judgment against plaintiff in the sum of $508.95 for damage to the Chevrolet truck.
During the trial a stipulation was entered into to’ the effect that the damage to plaintiff’s bus was $332.50 and. to defendant baking company’s truck was $508.95.
After trial on the merits the lower court rendered and signed judgment in favor of plaintiff for $332.50, and defendant perfected a suspensive appeal to this court.
The facts of this case are in little dispute. In the forenoon of the day in question, Simpson, employee of plaintiff, carried a crew of men to the woods to cut pulp wood, but a rain came up and the men started to return to their homes, aboard plaintiff’s bus. The rain had ceased at the time of the accident, but the concrete road was damp. The bus was traveling south on highway. 71, and at the place of the accident, Simpson pulled the bus entirely off the paved part of the road, onto the shoulder to his right, and stopped to allow James Long to alight from the bus, which he did, making his exit át a rear door, and when he'was clear of the bus he said to the driver, “go ahead”. Simpson then started south and.had occupied a part of the right half of the concrete road with the left side of the bus, and had traveled 72 feet upgrade, when the Chevrolet collided with it. Simpson says the reason he did not pull all the way onto the road was that he was approaching a hill he could not see over, and feared some one might be passing another vehicle, meeting him on the wrong side of the road. About the time the bus started up Simpson saw a tractor with a wagon trailer coming from the south, meeting the bus. Neither Simpson nor Long saw the Chevrolet truck before the collision, and heard no horn- sounded. The tractor was some 20 feet south of the bus at the time of the collision. The road is straight for some distance each way from the scene of .the accident, but to the north some distance,, estimated at from a quarter to a half mile away, there is a hill, and also to the south not so far away there is another hill which the bus was going up. After the impact the Chevrolet truck traveled southeast 90 feet and all except the right rear wheels were on the shoulder of the road. The bus traveled about the .same distance just west of south and stopped with all of it off the pavement.
*262 According to the driver the Chevrolet truck also traveling south was about 200 feet to the rear of the bus as it started to pull back on.the road; he had seen it before that time, off the road, and he says he was traveling 40 miles an hour at that time, and about 15 miles per hour at the time of the impact. Skid marks of the truck commenced 60 feet north of the impact. Rogers gives as the reason for his inability to stop, the wet condition of the road. He says he sounded the horn, but that it was very weak, and he was not surprised that the bus driver did not hear it.
Negligence alleged against the driver of the Chevrolet is set forth in paragraph 11 of plaintiff’s petition as follows:
"a. In failing to reduce and maintain a proper speed and lookout commensurate with the circumstances before and after seeing your petitioner’s truck;
“b. In attempting to pass your petitioner’s truck on a hill and especially without ascertaining whether or not there was oncoming traffic from the other side of the hill;
“c. In attempting to pass between your petitioner’s vehicle and the oncoming tractor;
“d. In failing to maintain a proper speed and control of the vehicle he was driving after seeing the oncoming tractor;
“e. In failing to avoid the accident.”
Alternatively it is pleaded that in the event plaintiff’s truck driver was negligent, which is denied, then in that event the driver of the Chevrolet truck had the last clear chance to avoid the accident, and that said driver’s negligence was the sole proximate cause of the accident.
The answer denies any negligence on the part of Rogers, and charges that the cause of the accident was the action of the bus driver in pulling back onto the road directly in front of the Chevrolet when it was about 100 feet from the bus, at which time the bus was meeting the slow moving tractor, thus blocking the entire highway.
Alternatively it is pleaded that if Rogers was guilty of any negligence contributing to the happening of the accident, that Simpson was guilty of negligence contributing to the happening of the accident, in the following respects:
“A Failing to maintain a proper lookout.
"B Driving onto the paved portion of the highway from the shoulder thereof directly in the path of defendant’s truck and trailer when said truck and trailer were not more than 100 feet away.
“C Failing to yield the right of way to respondent’s truck, which was proceeding on a through-highway by driving directly onto the highway from a stopped position off the highway.”
It is conceded that plaintiff’s driver did not look back north before starting to pull back on the road, and defendants say that this is in violation of LSA-R.S. 32:236 which reads in part as follows:
“A. The driver of any vehicle upon a highway of this state, before starting, stopping or turning from a direct line shall first see that such movement can be made in safety, and, if any pedestrian may be affected by such movement, shall give clearly audible signal by sounding the horn; and, whenever the operation of any other vehicle may be affected by such movement, shall give a signal as required in this Section, plainly visible to the driver of such other vehicle, of the intention to make such movement. * * * ”
And in this connection cites Blashfield’s Cyclopedia of Autombile Law and Practice, Sec. 1213, a general statement of the application of the law to the situation, as follows:
“A driver of a car parked along the side of a highway or the curb of a street must exercise ordinary care *263 when turning out to enter traffic, and he is bound to see that approaching traffic is not endangered by his movement in turning out into the highway, and a failure to observe such traffic before turning out constitutes negligence. This does not mean that the driver must act at his peril; he is required to exercise only ordinary or reasonable care under the circumstances. Statutes dealing with movement from a parked position generally restate the same rule. However, some decisions, under statutes requiring vehicles joining the flow of traffic from a standing position to yield the right of way to other vehicles, appear to establish a more absolute obligation.”
It is only in cases where the violation of some regulatory statute is the proximate cause of the accident, and resulting injury, that the violator is held liable. Hollabaugh-Seale Funeral Home v. Standard Accident Insurance Company, La.App., 32 So.2d 616. See also same case, 215 La. 545, 41 So.2d 212. Many other cases might be cited, however the question appears to now be so well settled that further citation of authority is not necessary.
In the present case we believe that the speed of the Chevrolet truck, under prevailing weather and road conditions, and the operator’s failure to take any precaution to have the truck under control, after seeing the bus stopped on the shoulder of the road possibly a half mile before he reached it, was the proximate cause of the accident. He could and should have seen James Long alight from the bus, and this should have put him on notice that the stop was momentary to allow this passenger to leave the bus.
The factual situation presented here is similar to that in Ford v. Leonard Truck Lines, La.App., 26 So.2d 309, cited by plaintiff in his brief, along with many quotations from Blashfield’s Cyclopedia of Automobile Law and Practice, which we refrain from incorporating in this opinion, for the reason that no useful purpose would thereby be served.
We are impressed with the view that the judgment of the lower court is correct, and accordingly the judgment appealed from is affirmed at the cost of defendants-appellants in this and the lower court.