GLADNEY, Judge.
This is an action to recover damáges sustained by Albert Leroy in an automobile-accident which occurred December 6, 1954, on Louisiana Highway No. 20,' about three miles south of Powhatan, in Natchitoches Parish, Louisiana. Made- defendants are B. F. Methvin, the owner of a 1950 Studebaker stake body truck, and High Smith, the driver thereof who was on a mission for Methvin when the truck and a 1952 Ford sedan owned by Leroy were involved in a collision. This appeal results from'a decision in favor of plaintiff against defendants.
The salient facts were established, without serious controversy.' On the morning of the accident under favorable driving conditions Leroy was driving his automobile north on Highway No. 20 and approaching the private entrance or driveway to the Mibermel Ranch. ..He was overtaking the Studebaker truck which was traveling along the highway in a northerly direction. While Leroy was in the act of overtaking and passing the. truck the latter vehicle made a left turn into his path to enter the Mibermel Ranch driveway, and the collision occurred.
The only eyewitnesses to the collision were.the drivers of the two vehicles and the very small daughter of Leroy.
Smith testified when he reached a point about two hundred yards from the driveway he turned on his indicator lights in order to show traffic to the rear that he was about to make a turn! He looked to the rear but saw no approaching vehicles, although he could see at least one hundred yards behind him to a cürvé where further1 view southward on the highway was impossible. He related he'had been traveling at from twenty to thirty miles per hour and as he approached ■ the • driveway he began to gradually reduce his speed and had attained a speed of about ten miles per hour when the truck'was'struck by the autorno-' bile. After looking to the rear some tw6 hundred yards from the driveway Smith admits that he did riot'" thereafter look to the rear and did not know of -the approach of the automobile until the collision. Fie did not give the required left-hand signal for turning.
*140 Leroy testified he was traveling at a speed of from fifty-five to sixty miles per hour and when a distance of from one hundred feet to one hundred twenty-five feet to the rear of the truck he sounded his horn and began a passing maneuver, increasing his speed which he conceded may have been sixty-five miles per hour; that,when from ten to twenty feet from the truck the latter suddenly turned to the left in his path and though he made every effort to avoid a collision, he could not. Just prior to or about the time he began the passing attempt he could see the lights of the truck but is positive they were not flashing or indicating a warning signal.
During the course of the trial respondents conceded Smith was guilty of negligence which was a proximate cause of the accident. This principally consisted of his failure to look to the rear before turning and his failure to give the required left turn signal. The defendants charge, however, that Leroy was guilty of negligence which was a proximate cause of the accident and should bar recovery on his part. Of several specifications of negligence, only two are seriously urged. These include Leroy’s driving at an excessive and unlawful rate of speed, and his failure- to see and heed the signal given by Smith of his intention to make a left turn.
The operation of a vehicle on the highways of this state in other than a reasonable and proper speed under the existing circumstances creates a prima facie case of fault and responsibility “for any.accident proximately. caused by such operation”. LSA-R.S. 32:227. Liability does not arise where the. excessive speed was not a causative ‘factor. See: Hollabaugh-Seale Funeral Home, Inc., v. Standard Accident Insurance Co., 1949, 215 La. 545, 41 So.2d 212; Fourmeaux v. Clark-Roscher Hardware & Supply Company, La.App., Orleans Circuit, 1944, 17 So.2d 731; Mills v. Moore, La.App., Second Circuit, 1936; 166 So. 169; Magazine Lumber Co. v. De Paula, La.App., First Circuit, 1940, 197 So. 806.
The record shows that State Highway ’No. 20 at the scene of the accident was concrete, twenty feet in width, straight, and level. Atmospheric conditions were good. Under such conditions a speed of sixty miles per hour would not have been unlawful. The trial court held that if Leroy was in fact traveling at sixty-five miles per hour at the time of the collision, the few miles above the lawful speed limit had no relationship to the accident; that it would have occurred had plaintiff been driving but fifty-five miles per hour. The inference results from the suddenness of the turn by Smith, who was unaware of the near presence of Leroy’s automobile. We think the finding correct and approve of it.
Secondly, it is argued Leroy was negligent in failing to heed the warning given by Smith of his intention to make a left turn. It is said Smith visibly slowed his vehicle which was noticed by Leroy and the rear lights were flashing to indicate a turn. Smith testified he turned his indicator lights on when two hundred yards from the Mibermel Ranch driveway and at the same time looked to the rear, without observing any vehicle approaching. We may safely infer that at that time Leroy was beyond a curve and not within the range of Smith’s vision. Photographs filed in evidence show the truck was equipped with three lights, two of which appear to have a diameter of approximately four inches and the third of two inches. The lights are affixed under the body of the truck hardly more than three feet above the ground. The two large lights are placed approximately a foot and one-half on either side of the center of the truck and the smaller a few inches from and on the outside' of the larger light on the left side of the vehicle. Strictly speaking, none of .the lights can be said to be directional in the sense of being indicative of the direction in which a vehicle may turn. Smith said the lights were blinking after the accident. Leroy testified he observed the lights on the front of the truck blinking after the accident but did not observe the rear lights blinking at any time. The testimony *141 of these two witnesses is, therefore, in direct conflict. We are inclined to accept the testimony of Leroy to the effect the lights were not blinking when he attempted his passing maneuver. It is pointed out that Leroy observed the diminishing speed of the truck before he attempted to pass and is chargeable with knowledge the driver of the truck intended to make a left turn. The truck was traveling only about twenty miles per hour for some distance before it approached the intersection and consequently it was necessary to reduce its speed but slightly to enable it to negotiate a turn. If we are correct in our finding Leroy did not see the' lights of the truck blinking, a slight reduction of speed was not sufficient warning to Leroy the truck was about to stop or' make a left turn.
In support of a finding that plaintiff was guilty of contributory negligence, counsel for appellants have cited the following authorities:
Hardin v. Yellow Cab Co. of Shreveport, La.App., Second Circuit, 1949, 38 So.2d 814; Cassar v. Mansfield Lumber Co., Inc., 1949, 215 La. 533, 41 So.2d 209; Hollabaugh-Seale Funeral Home, Inc. v. Standard Accident Insurance Co., 1949, 215 La. 545, 41 So.2d 212; Jinks v. Employers Mutual Liability. Insurance Co. of Wisconsin, La.App., Second Circuit, 45 So.2d 918. We have reviewed these decisions but do not find them controlling in our consideration of the instant case. In Hardin v. Yellow Cab Co. of Shreveport, the plaintiff, traveling fifty to sixty miles per hour was held guilty of concurrent negligence ip attempting to pass defendant’s taxicab which was making a left turn at an intersection where the prevailing speed limit was fixed by the Bossier” City ordinance as twenty-three miles per hour; Certainly, speed alone could have been a material factor in fixing guilt upon-Hardin. In Cassar v. Mansfield Lumber Co., Inc., the plaintiff was attempting to pass at an intersection which largely influ- ■ enced the court’s finding. Leroy was not attempting to pass the truck at an intersection, but at a private driveway, and therefore, the cited case is without application. In Holla-baugh-Seale Funeral Home, Inc., v. Standard Accident Insurance Co., the facts involved a collision at'Government Street and' Oakwood Drive in the City of Baton Rouge. Plaintiff’s ambulance attempted to pass defendant’s truck which was making a left turn from Government Street onto Oak-wood Drive. The ambulance at the time was traveling at approximately forty miles, per hour, but the principal factor in plaintiff’s negligence was the attempt to pass the truck at an intersection. The case of Jinks v. Employers Mutual Liability Insurance Co. of Wisconsin involves a collision which occurred in Bossier City. Plaintiff therein was traveling at twenty-five to thirty-five miles per hour although the ordinance fixed a limit of twenty-three miles per hour. The collision occurred when defendant’s truck swerved to the left in order to avoid striking a Negro child who suddenly ran onto the highway. Had plaintiff been driving within the lawful speed limit he would have avoided striking the truck which only crossed the center line of the street a few feet. The facts involved therein, therefore, serve to distinguish the cited case and cannot be considered as authority for the adjudication of this case. This court in Mills v. Moore rejected plaintiff’s demand because of his negligence in colliding with a truck which had entered an intersection, such negligence being attributed to his speed, delay in application of brakes, and the management of the automobile. The facts thus presented are dissimilar to those which confront us. The evidence in Magazine Lumber Co. v. De Paula, indicates a different factual situation than presented in’ the instant case. In the cited case contributory negligence as a bar to recovery was impressed upon defendant’s driver who sought by increasing his speed to pass a vehicle which he observed was-going to turn across the highway when the ensuing collision could have been avoided by the driver of the overtaking vehicle reducing his speed. Because of the differences pointed out -in the above cited cases we do not find them controlling in our decision. It is our finding that appellants-have failed to substantiate their ■ charges that Albert Leroy was guilty - of' contributory negligence.
*142 There remains for our consideration the question of quantum. Plaintiff has answered the appeal, asking that the judgment he increased to $3,549.55. The judgment of the trial court awarded the sum of $1,299,55, of which amount $750 was allowed for personal injuries and the remainder for expenses. The medical testimony-shows that Leroy’s right ear was almost severed from his head and -he suffered multiple- lacerations about the scalp, one of which extended from the right eyebrow into the hair line. Undoubtedly, he suffered severe pain from the lacerations and contusions about the chest and back for' a period of approximately five weeks. The evidence, indicates- that he will have permanent and disfiguring scars but no other permanent injuries. We think the judgment should be amended by increasing-the-amount an adr ditional $750, so that the total -judgment should be for'$2,049.55.
As’ thus amended, the judgment from which appealed is affirmed at appellants’ cost.