REGAN, Judge.
Plaintiff, Mrs. Lona O’Rourke Legnon, instituted this suit against the City of New Orleans, Mr. and Mrs. Peter X. Monte-leone, and their liability insurer, United States Casualty Company, endeavoring to recover the sum of $77,939.50 representing personal injuries and medical expenses incurred as a result of a fall she sustained because of a defective sidewalk located in front of the Monteleone property located in 1428 St. Mary Street in the City of New Orleans.
Defendant, the City of New Orleans, pleaded an exception of vagueness, which was ultimately abandoned. Defendants Mr. and Mrs. Monteleone and their insurer pleaded the exceptions of no cause or right of action, which were maintained and no appeal has been taken therefrom.
Defendant City of New Orleans then answered and generally denied the allegations contained in the plaintiff’s petition; alternatively, it pleaded the contributory negligence of the plaintiff.
From a judgment dismissing the plaintiff’s suit against the defendant, she has prosecuted this appeal.
The record reveals that in the aforementioned sidewalk there existed a con *572 Crete slab which was elevated between two and two and one-half inches at the outer edge or street side thereof which gradually-diminished toward the property line. The elevation was presumably caused by the expanding root structure of a large tree, which at night, also obstructed the illumination emanating from a city light standard located on the opposite side of the street.
On October 12, 1958, at approximately 6:45 p. m., the plaintiff was walking along the outer portion of the sidewalk of St. Mary Street in the general direction of St. Charles Avenue or towards her home. The street lamp was lighted, however, the elevated portion of the sidewalk was in the shadow of the tree. The plaintiff, in explaining the manner in which the accident occurred, related that as she moved from the lighted to the comparatively dark shadowed area of the sidewalk, she:
“ * * * couldn’t exactly see the identical place where it (the elevation) was, but * * * knew something was there, and I was trying to avoid it.”
With further reference to the elevation, she asserted that she endeavored to step over it, and “ * * * in place of stepping over, on account of the shadow, my foot got caught in the place I didn’t want to step and pulled me back.”
In identifying a photograph depicting the exact location of her fall, she replied: “Yes, that’s it. That’s where I made my blunder, right there, yes, sir.”
As a result of the fall, the plaintiff sustained severe injuries, a medical discussion of which we pretermit in view of the result that we have agreed should be reached herein.
The defendant, City of New Orleans, in resisting the demand of the plaintiff, maintains that it possessed no actual or constructive knowledge of this defect. The City then reasons, but assuming arguendo that it was cognizant thereof, the elevation of a portion of the sidewalk was so slight that it did not constitute a hazard to a reasonably prudent pedestrian who casually observed where she was walking. In the alternative, it pointed to the contributory negligence of the plaintiff in order to avoid liability.
The plaintiff, on the other hand, asserts that the City was negligent in permitting this dangerous elevation to exist for at least a year [1], and that this defect considered in conjunction with the dark shadow created by the tree which obstructed the illumination of a street lamp, constituted a trap which was the proximate or legal cause of the plaintiff’s injuries.
We have observed heretofore that when a suit is predicated upon an allegation of negligence and the defense thereto is a denial of negligence joined with an alternative plea of contributory negligence, it is often expedient in authoring an opinion to initially consider the plea of contributory negligence, for if the facts disclose the existence of contributory negligence without which the accident would not have occurred, it is then unnecessary to determine whether the defendant was guilty of primary negligence.
The plaintiff’s testimony very obviously convicts her of negligence. She noticed the defect or elevation in the sidewalk and then decided to avoid it by stepping over or beyond it. She erred and unfortunately, as a result thereof she incurred the injuries which form the subject of this litigation.
We are therefore of the opinion that the plaintiff was contributorily negligent and the trial judge very properly dismissed her suit.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Which element of time, the plaintiff asserts, was constructive notice to the defendant-