AYRES, Judge.
-This is an action for damages for the death of Floyd D. Matthews, instituted by the surviving widow in her individual capacity and on behalf of six minor children, issue of her marriage to the decedent. The City of Shreveport was dismissed as a defendant on the sustaining of an exception of no cause of action. C & C Electric Company, Inc., and its insurer, Hartford Accident and Indemnity Company, were substituted as defendants in lieu of Camus Electric Company, Inc., and its insurer, The Great American Insurance Company. In addition to C & C Electric Company, Inc., and its insurer, this case proceeded to trial against Timothy Leon Ball and Emma Ball Hall and their insurers, National Union Insurance Company and Bankers Fire and Marine Insurance Compay, as well as Raymod F. Camus.
Matthews was killed when struck by a Chevrolet automobile owned by Emma Ball Hall and operated by her brother, Timothy Leon Ball, on Texas Street in Shreveport about 11:00 a. m. November 22, 1962.
Negligence in varied particulars was charged to each of the defendants or their principals who were hanging Christmas decorations over the streets or who were in charge of the automobile which struck the deceased and who, after denying any act of negligence on their part, charged, as a primary defense, that Matthews was guilty of negligence constituting the cause or, in the alternative, a contributing cause of the accident in that he failed to maintain a lookout, left a place of safety and entered a place of danger, and attempted to cross a heavily traveled city thoroughfare in a diagonal direction between intersections.
From a judgment rejecting plaintiff’s demands, she prosecutes this appeal.
The issues presented for resolution, factual in character, relate primarily to Matthews’ negligence. The rule is that, when the record establishes that a plaintiff *191 or the person for whose death an action is brought was guilty of negligence, it is unnecessary to determine whether the defendant or defendants may have been negligent. Hollabaugh-Seale Funeral Home v. Standard Acc. Ins. Co., 215 La. 545, 41 So.2d 212, 214 (1949); Legnon v. City of New Orleans, 139 So.2d 571, 572 (La.App., 4th Cir. 1962).
Texas Street, a six-lane principal thoroughfare with an additional lane for parallel parking on each side, runs in a general east and west course and is intersected by Marshall Street at right angles. Traffic through the intersection is governed by electric-light signals stationed on each of the four corners.
The accident occurred west of a crosswalk on Texas Street after Matthews, a postman, had left the post office located at the northeast corner of the street intersection. Matthews left the building via the Marshall Street entrance, angled across the street, cut the corner and continued a few steps westerly on Texas Street, whereupon he left the sidewalk and entered the street to the rear of the first car parked west of the intersection and, from there, pursued a southwesterly course in the direction of a trolley stop on the opposite side of the street, in the middle of the block and in front of the Texas Street entrance to the Caddo Parish Courthouse. Matthews was struck as he approached the center of the street.
While there is a conflict in the testimony as to the exact location of the point of impact, it was, without doubt, west of the crosswalk. An investigating police officer measured from a supposed location of the impact and found it to be 13 feet 4 inches west of the crosswalk. Matthews’ body lay 23 feet 2 inches west of that point in the inner westbound traffic lane, a point 33 feet 10 inches south of the north curb line.
R. L. Collier testified that Matthews, head bowed to prevent rain from falling on his face, was apparently oblivious to traffic as he crossed in front of him on Marshall Street. Collier, headed south on Marshall Street, slowed or stopped his vehicle to avoid striking Matthews and then, after reaching the corner, made a right turn westerly into Texas Street where he again saw Matthews approaching a passageway between the second and third cars stopped in the inner eastbound traffic lane awaiting a favorable signal to proceed. As Collier was making a right turn into Texas Street, Timothy Ball was making a left turn from the opposite direction. Ball, proceeding north, had stopped to the rear of another vehicle in compliance with a red light. Upon a change of signals, both vehicles entered the intersection and turned left into Texas Street. Ball, following the lead car, was in a lane to Collier’s left and about half a car length to his rear. Matthews crossed again in front of Collier and to the rear of the car in front of the Ball vehicle. Ball testified that as Matthews stepped out from between the cars — the forward vehicle being about 15 feet ahead of his vehicle — he hit him, after which he applied his brakes and stopped almost instantly.
The statutory provisions of LSA-R.S. 32:213 as well as the Code of the City of Shreveport prohibit pedestrians from crossing streets in localities such as this except in a marked crosswalk, and, moreover, provide that if crossings are attempted at any other points pedestrians shall yield the right of way to all vehicular traffic.
Drivers of motor vehicles on a city street are not required to anticipate the presence of pedestrians between intersections, but, on the contrary, pedestrians in such situations have reason to expect vehicles at those points. Hebert v. Meibaum, 209 La. 156, 24 So.2d 297 (1945); Soileau v. New Hampshire Insurance Company, 160 So.2d 793 (La.App., 3d Cir. 1964); Fuqua v. Martin. 40 So.2d 404 (La.App., 2d Cir. 1949); Matassa v. Economy Cab Co., 158 So. 239 (La.App., 2d Cir. 1935); Owens v. Tisdale, 153 So. 564 (La.App., 2d Cir. 1934).
*192 Under the facts of this case it is obvious that Matthews was guilty of negligence. He crossed a heavily traveled thoroughfare in a diagonal direction between crosswalks and emerged from between moving vehicles into the path of the alleged offending car. He failed to make observation of traffic conditions or of the car which struck him.
On the other hand, we may point out that, in our opinion, the defendant Timothy Leon Ball was free from negligence in this unfortunate accident. He was operating his vehicle at a moderate rate of speed, having started from a stopped position before entering the intersection and making a left turn. After Matthews emerged from between the vehicles in the street and came into Ball’s lane of travel, there was no showing of either time, distance, or opportunity for Ball to have taken any precautions or evasive action that would have prevented the accident. The last-clear-chance doctrine is therefore without application.
We may further point out that from our review of the record we fail to find negligence on the part of any of the defendants. Matthews’ negligence was, as we conclude from our review of the entire record, the direct and proximate cause of the accident.
The judgment appealed is accordingly affirmed at plaintiff-appellant’s costs.
Affirmed.