PRICE, Judge.
Plaintiff, Frank W. Skyles, brought this suit individually and on behalf of his minor daughter, Nancy Ruth Skyles, age 15, asking for damages for personal injuries sustained by her when she walked into a sliding glass door at the residence of defendant’s assured. The accident occurred at 8:30 P.M., on May 21, 1966, at the residence of Mr. and Mrs. James Silvey at 2875 Kaylin Street in the City of Shreveport.
On this night a going-away party was being given for Barbara Silvey, the teen-age daughter of Mr. and Mrs. Silvey. About 25 teen-agers were present, including the plaintiff’s daughter, Nancy Ruth Skyles. Most of the entertainment was taking place on a patio situated adjacent to the den and kitchen area of the home. ■ A four-piece band was affording music for the party on the patio.
The only means of ingress from the patio into the house was through a large sliding glass door leading into the den.
Nancy Ruth Skyles requested Barbara Silvey to direct her to the bathroom of the house so that she might comb her hair. They proceeded from the patio through the sliding glass door which was open at that time, through the den and hall, and Nancy Ruth went into the bathroom. Moments later the phone in the den rang and Barbara Silvey called one of the other guests to the phone. As the noise from the band made it difficult to hear over the phone, someone closed the sliding glass door. A few minutes later Nancy Ruth Skyles came from the bathroom back through the den and walked into the closed door. The door broke into a number of large pieces, cutting her rather severely on her right leg and causing other lacerations and bruises and shock.
Plaintiff brought this action under Article 2315 of the Louisiana Civil Code, contending that the defendant’s assured was guilty of negligence in maintaining in his residence a door constructed of one large panel of clear glass which had no muntin bar, decal or design on it to make it easily discernible when closed. Defendant denied any negligence on the part of Mr. Silvey and averred that Nancy Ruth Skyles was negligent in failing to keep a proper lookout for her own safety and in failing to see what should have been apparent to her had she been sufficiently alert in watching where she was going, which failure was the sole and proximate cause of th'is injury. From a judgment of the district court rejecting the demands of plaintiff, he prosecutes this appeal.
The issues presented for resolution, factual in character, relate primarily to Nancy Ruth Skyles’ negligence. The rule is that, when the record establishes that a plaintiff or the person for whose death an action is brought was guilty of negligence, it is unnecessary to determine whether the defendant or defendants may have been negligent. Hollabaugh-Seale Funeral Home v. Standard Acc. Ins. Co., 215 La. 545, 41 So. 2d 212 (1949); Legnon v. City of New Orleans, 139 So.2d 571 (La.App., 4th Cir., 1962).
In determining whether this injury resulted from the fault of Nancy Ruth Skyles in her failure to maintain a proper lookout for her own safety, the following testimony given by her at the trial is pertinent, to-wit:
“Q. Now, in describing a moment ago your return from the bathroom toward *611 the patio, you said as you were walking toward the door that you had lowered your head to pull your hair back and you tucked your head down like this and put your hand under it, is that what you were doing as you walked toward the door? (Indicating)
“A. I came from the bathroom to the den and I went like this and when I raised up I hit the door. (Indicating)
“Q. What you are saying is you did like this, you put your hands behind your head and you had your head down, is that right?
“A. A little bit, but as I came up, like this, I raised up and I hit the door.
“Q. Just as you raised up that is when you hit the door?
“A. Yes, sir.
* * * * * *
“Q. Now, when you came into the house to go to the bathroom you were well aware of the fact that you were walking through a door, an open door, were you not? You knew that was a door?
“A. Yes, sir, but I didn’t even look. I didn’t say, ‘Well, Nancy, there is a glass door there, and it is a door.
“Q. Yes. This is when you were going in or out? You didn’t tell yourself this as you went either in or out ?
“A. No, sir.
“Q. But as you went through you knew you were going through an opening which was a door, did you not ?
“A. Yes, sir.
“Q. And you knew that it was a sliding glass door, didn’t you? You could see that from the outside when you went in, that it was a glass door there ?
“A. Well, I guess so. I didn’t think, Well, I am walking through a sliding glass door.’
“Q. Now, you have seen sliding glass doors on houses before? This isn’t the first one you ever saw, is it?
“A. No, sir.
“Q. And when you went back through the dining-kitchen area to go back outside you really were not looking to see whether the door was open or closed, were you?
“A. Well, not as I first entered the room, but when I came up I ran right into it.
“Q. By the time you got your head up it was too late, you hit the door right then, didn’t you?
“A. Yes, sir.”
The testimony of Nancy Ruth Skyles and of the two witnesses for plaintiff who were present in the den when the accident happened, clearly indicated that Nancy Ruth was walking back through the hall and den in haste to return to the party to hear the particular music being played by the band at that time. It further showed that she was fondling her hair and walking with her head down as she walked. It was admitted by Nancy Ruth that she did not look up until the moment she struck the closed door.
In view of this evidence it is the opinion of this Court that Nancy Ruth Skyles was guilty of negligence which was the cause of her injury. Had there been a muntin bar, a decal or some other device utilized to make the door more apparent when closed, this accident would not have been avoided because Nancy Ruth was not looking where she was going. She was aware that the door existed, having entered through same just a few moments before the accident. She also testified she was familiar with sliding glass doors as she had visited a number of homes which were equipped with this type of door. Her haste and her inattentiveness to her path caused her not to see what she should have seen *612 had she exercised ordinary and reasonable care for her own safety.
For the foregoing reasons we find that the judgment of the district court rejecting the demands of plaintiff was correct. It is therefore ordered that the judgment appealed from is hereby affirmed. All costs of this appeal are to be assessed against appellant.