231 So.2d 674 (1970)
Lloyd A. COMEAUX, Individually, and For and on Behalf of His Minor Son, Robert Wayne Comeaux, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Dr. John Travis Cunningham, Defendants-Appellees.
No. 7884.
Court of Appeal of Louisiana, First Circuit.
February 2, 1970.
Rehearing Denied March 9, 1970.
Richard A. Kuntz, New Orleans, for appellant.
*675 Horace C. Lane, Baton Rouge, for appellees.
Before LANDRY, SARTAIN and ELLIS, JJ.
SARTAIN, Judge.
Plaintiff's minor son, Robert W. Comeaux, was struck by an automobile driven by Robert T. Cunningham, minor son of defendant, John Travis Cunningham. Suit was instituted by Mr. Comeaux, individually for special damages and for and on behalf of his minor son for personal injuries resulting from the accident.
The trial judge held that the driver of the vehicle was guilty of negligence but that young Comeaux was guilty of contributory negligence which barred plaintiff's recovery. It is from this adverse judgment that plaintiff now appeals.
For reasons hereinafter stated, we conclude that the determination of facts by the trial judge and his application of the law thereunder are correct and the decision appealed from should be affirmed.
The accident giving rise to this litigation occurred at approximately 10:30 P.M. o'clock on June 15, 1965, on the campus of Louisiana State University at the intersection of Highland Road and South Campus Drive. Both of these streets are hard surfaced and bordered by a curb and sidewalk. On each corner are four coordinated semaphore traffic lights. South Campus Drive runs in an east-west direction. Highland Road runs in a north-south direction through the campus. At the scene of the accident, Highland Road is 24 feet wide with 12 feet for each lane of traffic. While South Campus Drive is a part of the L.S.U. campus, Highland Road is a state highway and is governed by the applicable provisions of the Louisiana Highway Regulatory Act. In his detailed written reasons for judgment the trial judge described the occurrence of the accident as follows:
"At the time of the accident the speed limit on Highland Road, for the distance it traverses the campus, was 30 miles per hour. The intersection of South Campus Drive and Highland Road was controlled by an electric semaphore light. Just prior to the accident Robert T. Cunningham was driving his father's Volkswagen automobile north on Highland Road approaching the intersection of South Campus Drive, traveling at a speed of about 30 miles per hour.
According to young Cunningham, he entered the intersection on a caution light and while his car was within the intersection he noticed the pedestrian step off the east curb of Highland Road and walk diagonally across the street in a northwesterly direction. Cunningham testified that he slammed on his brakes and the testimony of the investigating police officer shows that the Volkswagen left 28 feet of skid marks before the point of collision and 30 feet of skid marks after the point of collision.
Although young Cunningham testified that the light was on caution, as he went through the intersection, the Court is of the opinion that he tried to beat the caution light but didn't quite make it.
Insofar as the pedestrian is concerned, the evidence shows that Robert W. Comeaux was standing near, or walking toward, the east curb of Highland Road, going in a westerly direction and that just as the light turned green for traffic on South Campus Drive, at a point approximately 25 feet north of the north parallel line of South Campus Drive, without turning his head to look for traffic in either direction, stepped off the curb and proceeded across Highland Road in a westerly direction, walking on a northwest diagonal line. The pedestrian was struck 8 feet from the east curb of Highland Road, or before he had taken more than two or three steps.
Skid marks left by the Volkswagen begin 2 feet within the intersection and measure 28 feet up to the point of collision *676 and 30 feet beyond the point of collision. Considering reaction time, the Court is of the opinion that the pedestrian stepped off the curb at just about the same time the Volkswagen was entering the intersection. The Court is of the opinion that the driver of the Volkswagen saw the pedestrian as soon as he stepped off the curb, and immediately applied his brakes but could not avoid striking the pedestrian because of the time and distance factors involved.
The evidence shows that at the time of the accident there was a painted crosswalk along the edge of each of the four sides of the intersection."
Plaintiff argues that his son was crossing the intersection as the traffic signal was green for vehicles on South Campus Drive and that young Cunningham ran a red light controlling traffic on Highland Road and is therefore solely negligent and responsible for the injuries sustained by his son. Plaintiff concedes that young Comeaux was not actually using the crosswalk but urges that he was close enough to it to where he should not have been classified as a jaywalker and should have been considered as having crossed the intersection under the benefit of the green light.
Defendants on the other hand, contend that the point of collision occurred 26 feet north of the north parallel line of South Campus Drive and young Comeaux was therefore not entitled to the benefit of rules relating to the use of a crosswalk.
The trial judge concluded that Comeaux was crossing the street some 20 to 25 feet north of the crosswalk. He properly cited L.R.S. 32:213 which prescribes the rights and duties of pedestrians and reads as follows:
"A. Every pedestrian crossing a roadway at any point other than within a marked cross walk or within an unmarked cross walk at an intersection shall yield the right of way to all vehicles upon the roadway.
B. Between adjacent intersections at which traffic-control signals are in operation pedestrians shall not cross at any place except in a marked cross walk."(Emphasis ours)
At the time this cause was heard in the trial court no Louisiana cases were discovered interpreting the language "within a marked crosswalk" as provided for in L.R. S. 32:213. The trial judge therefore turned to Blashfield, § 142.14 which states the rule as follows:
"He does not lose the protection of his right of way by deviating slightly from the crosswalk at the intersection, but he may lose it where he is a considerable distance from the intersection."
Blashfield then cites the case of Engstrom v. Sentinel Company, 221 Wis. 577, 267 N. W. 536, which held that a deviation of 25 feet from a crosswalk was "considerable" and not "slight".
The recent case of Matthews v. Camus Electric Company, 210 So.2d 189 (2d La.App., 1968) did have occasion to consider L.R.S. 32:213. The court concluded that the decedent, who emerged between two vehicles and was attempting to cross a street 13 feet 4 inches west of a crosswalk, was guilty of contributory negligence absolving the decedent of liability. The fact that the decedent in Matthews emerged between two vehicles may have some bearing as to whether or not 13 feet is a considerable or slight deviation from a marked crosswalk. It suffices to say in the case now at hand that 20 to 25 feet is indeed a substantial deviation and certainly brings young Comeaux within the clear provisions of L.R.S. 32:213.
While there is some dispute in the testimony concerning the speed of the Cunningham vehicle, there is no dispute concerning the fact that young Comeaux approached Highland Road from the east and without breaking his stride or looking neither to his left nor right endeavored to *677 cross Highland Road. The trial judge was correct in his determination that Comeaux's presence was observed by Cunningham at the moment the former stepped from the east curb of Highland Road because Comeaux had only taken two or three steps before he was struck.
Young Comeaux testified, as did another witness, that as he approached Highland Road the traffic light governing South Campus Drive was red, but that as he neared the east curb of Highland Road the light changed, thus making it red for traffic on Highland Road. In connection with this point the trial judge properly stated:
"Regardless of whether Comeaux, as a pedestrian, was crossing on a green light, and regardless of whether he was crossing at a crosswalk, the Court is nevertheless of the opinion that he was guilty of contributory negligence for stepping out into the street, at night, without, as he freely admitted, making any effort to discover whether the way was clear before stepping into the street.
Although a motorist or pedestrian, faced with a green light, is entitled to assume that others will accord him the right of way, he is not thereby exempt from all duty and responsibility for using his senses of sight and hearing to avoid being injured.
The duty of keeping a proper lookout and of observing traffic obviously coming is equally applicable to both pedestrian and motorists. See Burnett v. Marchand [La.App.], 186 So.2d 383, from which the following quotation is taken.
`Learned counsel for appellants argues that the operator of a motor vehicle is held to have seen that which he could or should have seen by the exercise of reasonable care. The rule cited, admittedly pertinent in all cases, is likewise applicable to pedestrians who are charged with the duty of observing approaching traffic when attempting to cross a street or roadway. Owens v. Tisdale, La.App., 153 So. 564; Zachery v. Southern Farm Bureau Casualty Ins. Co., La.App., 116 So.2d 847; Taylor v. Kendall, La.App., 162 So.2d 156; Newton v. Cousin, La.App., 182 So.2d 685.' (Emphasis added)"
We have not dealt with the negligence of young Cunningham because the principal issue for resolution in the instant matter is a factual one and relates primarily to young Comeaux's negligence. Accordingly, we adhere to the rule that when the record establishes that the person for whose injuries an action is brought is guilty of negligence, it is unnecessary to determine whether the defendant may have been negligent. Matthews v. Camus Electric Company, supra; Hollabaugh-Seale Funeral Home v. Standard Accident Insurance Company, 215 La. 545, 41 So.2d 212, 214 (1949) and Legnon v. City of New Orleans, 139 So.2d 571, 572 (4th La.App., 1962).
However, plaintiff also charges that young Cunningham had the last clear chance to avoid the accident even if Comeaux was guilty of contributory negligence. The trial judge determined that there was no evidence to show that Cunningham was not keeping a proper lookout, or that he was exceeding the speed limit or could have done anything to avoid the accident after the pedestrian stepped off of the curb into the street. There was some variance in the testimony as to whether or not Cunningham was driving at a fast and excessive rate of speed. One witness estimated Cunningham's speed at 50 miles per hour. However, this witness only observed the vehicle immediately prior to the accident at about the time its driver had commenced to apply his brakes. Cunningham testified that he was traveling 30 or 35 miles per hour. The legal speed limit at the scene of the accident is 30 miles per hour. This evidence does not justify the *678 application of the doctrine of last clear chance and certainly the trial judge did not commit manifest error when he determined that "this is not a last clear chance case".
Accordingly, for the above and foregoing reasons the judgment of the district court is affirmed at appellant's costs.
Affirmed.