ELLIS, Judge:
This is a suit by R. W. Cogley and Lucille Cogley, his wife, for damages arising out of a fall suffered by Mrs. Cogley while riding a bicycle. Defendant is Allstate Insurance Company, the liability insurer of Lamar Russell Blount, on whose property the accident happened. Plaintiffs claim that the fall was due to a hazardous condition negligently allowed to exist by the Blounts in their yard. Allstate denies the negligence of its insured, and alternatively alleges the contributory negligence of Mrs. Cogley. From an adverse judgment, plaintiffs have appealed.
Mrs. Cogley was visiting in the Blount home one evening. As she was leaving, she asked and was granted permission to ride a bicycle which was on the front porch. After she had ridden twelve or thirteen feet, she hit a large irregularly shaped piece of concrete and fell, breaking *380 her ankle. At the time of the accident, it was dark, but the front porch light was on, and Mrs. Cogley testified that she felt there was enough light for her to see what she was doing.
The piece of concrete had been placed in the yard by Mr. Blount some four years before the accident, and served as a stepping stone. Mrs. Cogley had visited the Blount home on a number of occasions during that period.
Plaintiffs contend that Mrs. Cogley enjoyed the status of an invitee, and that the Blounts therefore owed her the duty of warning her of the .existence of a dangerous condition on the premises. It is argued that the concrete stepping stone constituted such a condition.
We agree that Mrs. Cogley was an invitee, since she was on a combined business and social visit with the Blounts, who were long time friends. It is settled law that an owner or occupier of property owes a duty of reasonable care to an invitee, and has a duty to warn of the existence of hazardous conditions of which they know or should know. Alexander v. General Accident Fire & Life Assur. Corp., 98 So.2d 730 (La.App. 1 Cir. 1957).
We do not think that plaintiffs have established a breach of the duty owed by the Blounts to Mrs. Cogley. The presence of a stepping stone in one’s yard cannot be said to constitute a hazardous condition per se. Both the testimony and the photographs reveal it to be readily observable, and in close juxtaposition to the concrete walk leading up to the house.
In addition, Mrs. Cogley’s familiarity with the premises, her admission that there was enough light to see by, and the ready observability of the stepping stone are sufficient to render her contributorily negligent in failing to see and avoid it.
The judgment appealed from is affirmed, at plaintiffs’ cost.
Affirmed.