James R. FONTENOT, Plaintiff-Appellant,

v.

LEWIS GROCER COMPANY, Defendant-Appellee.

No. 72-1059

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 10, 1972.

James A. Smith, Lake Charles, La., for plaintiff-appellant.

A. Lane Plauche, Lake Charles, La., Plauche, Smith & Hebert, Lake Charles, La., for defendant-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

The only issue on this Louisiana-based diversity tort action is whether the District Court, sitting without a jury, erred in finding that appellant's negligence was the proximate cause of his injuries,

---

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

thereby barring his recovery. We agree with this finding and therefore affirm.

Appellant James R. Fontenot, employed as Head Stocker for Allied Grocery at K-Mart grocery in Lake Charles, Louisiana, slipped, fell and injured himself while assisting Willie Williams, the truck driver of defendant Lewis Grocer Company, a Mississippi corporation, in unloading from a trailer merchandise delivered to K-Mart. The floor of the trailer was wet and slippery because of rain water having seeped in from a hole in the roof. There was also an accumulation of dirt and rice on the floor of the vehicle which, combined with the water, added to the slippery condition. It was Williams' duty to unload the groceries from the trailer. On occasions, however, plaintiff and his co-workers assisted in the unloading. The cartons in the trailer to be unloaded were stacked on pallets in the rear of the trailer. Aluminum roller conveyors were available for use in unloading the merchandise. Appellant, however, suggested that the cartons could be removed more expeditiously by the use of a pallet jack, which he provided. Williams agreed to this procedure. Because of the slippery condition of the trailer, appellant recognized that it would be difficult for Williams to unload the cartons without assistance, and so volunteered his aid. Appellant mounted the trailer and started pulling on the handle of the pallet jack, with both hands, as Williams and another K-Mart stocker pushed the load from the rear. While so doing, appellant's feet slipped from beneath him causing him to strike the floor, resulting in injuries which form the basis of this action.

■ Both parties concede that appellant occupies the status of an invitee. Under Louisiana law, the duty owed an invitee is one of ordinary care to keep premises in a safe condition and to warn of the existence of hazardous conditions. However, this duty to warn applies only to defects or hazardous conditions which are hidden or unobservable by the invitee in the exercise of ordinary care. Cogley v. Allstate Insurance Company, La.App., 1971, 246 So.2d 379; Miller v. New Amsterdam Casualty Company, La.App., 1964, 164 So.2d 676, and cases cited therein. Under the circumstances of this case, appellant was as cognizant of the obvious danger as was defendant's driver. They discussed the obstacles involved in the unloading process and adopted, at appellant's suggestion, the most practical manner in which to proceed. Appellant was not required to assist in the operation. He voluntarily undertook to perform the work, being fully aware of the risks he was incurring. His failure to use reasonable or ordinary care to assure his own safety, commensurate with the existing situation, was, as the Court found, the proximate cause of his injury, thus barring his recovery. Alexander v. General Accident Fire & L. Assur. Corp., La.App., 1957, 98 So.2d 730; Crittenden v. Fidelity & Casualty Co. of New York, La. App., 1955, 83 So.2d 538.[1]

Affirmed.

1. Appellant alleges various acts of negligence by the defendant company and its driver: the trailer was not lighted; defendant provided no helper to assist the driver; failure of defendant to instruct its driver to unload the truck alone; negligence of the driver in permitting plaintiff to enter the trailer despite company regulations to the contrary, and imputation of that negligence to defendant. The District Court found that defendant was not negligent. It is unnecessary that we resolve this issue because we find no error in the District Court's conclusion that plaintiff's negligence was the proximate cause of his injuries. It is a well-established principle of law in Louisiana that where a plaintiff is guilty of negligence constituting a proximate cause of his injury, it is unnecessary to determine whether a defendant may have been negligent also. Plaintiff's negligence under such circumstances is a complete bar to recovery. Jones v. Firemen's Insurance Co. of Newark, N. J., La.App., 1970, 240 So.2d 780; Comeaux v. State Farm Mutual Automobile Ins. Co., La.App., 1970, 231 So.2d 674; Skyles v. State Farm Fire & Casualty Company, La. App., 1968, 210 So.2d 609; Matthews v. Camus Electric Company, La.App., 1968, 210 So.2d 189.