BOLIN, Judge.
The issue before this court is the correctness of the trial court’s finding that a 16-year-old girl’s negligence was a contributing cause of her injuries incurred when she crashed into a sliding glass door panel while a guest in the home of defendant’s insured. On the basis of this finding, the trial court denied recovery to plaintiffs, father and daughter, in their suit against the homeowner’s insurer.[1] We affirm.
On a spring morning plaintiff and three teenage companions were celebrating the end of the school year at the residence of the insured. After welcoming her guests, one of whom was her grandson, the homeowner left the premises.
One wall of the den in the house consisted of four plate glass panels. The two outer panels were stationary in their casements; the inner panels were sliding doors which opened on tracks from the center. When these panels were in the closed position their joined metal frames and twin handles formed a vertical post several inches wide which clearly signalled their nature as doors and destroyed any illusion of open space that might otherwise have existed.
The sliding doors opened to a screened porch and, on the day of the accident, were fully open from the time the guests arrived until a few minutes before the accident. Plaintiff testified she was familiar with sliding glass doors although she had never been in this particular den before. She passed through the open space between den and porch a number of times before one of her companions closed the sliding panels to prevent smoke from a barbecue grill from entering the house. Plaintiff was not present in the den at the time nor was she informed the doors were closed.
Two of plaintiff’s companions engaged in a playful tussle over a water pistol. Plaintiff followed the pair from the kitchen into the den, took the pistol from her girl friend who had wrestled it away in the scuffle and, intending to make her escape via the porch to the outside, started to- run in the direction of the sliding glass doors. One of her companions shouted a warning which enabled plaintiff to shield her face with her hands before her body collided with the left door panel. She fell forward, shattering the plate glass and causing her injuries. Plaintiff had traveled a distance of five to eight feet from the area of the scuffle in the middle of the den to the point of impact.
Plaintiffs contend Natal v. Phoenix Assurance Co. of New York, 305 So.2d 438 *1056 (La.1974) dictates defendant’s liability in this case. Natal is readily distinguishable as to its determinative facts; furthermore, there was no issue of plaintiff’s negligence in that case.
In Natal, the teenage plaintiff was walking slowly through a darkened family room to answer a telephone on a well-lighted patio. The telephone was located on a low table just beyond a sliding glass door which separated the family room from the patio. As she reached for the phone, plaintiff bent slightly and hit the door, shattering the glass and causing the injuries for which recovery was sought. The court concluded that all the circumstances contributed to the creation of a deceptive illusion and trap; that the homeowner was negligent in failing to warn the plaintiff of the particular hazard created under those circumstances.
The record in this case shows no such unique combination of circumstances to lead to the homeowner’s liability. Here, the accident occurred around noon; the natural lighting was equalized on either side of the sliding glass doors; there were two doors which, when closed, were readily recognizable as doors. Therefore, we have serious doubts that this homeowner was negligent.
However, assuming the negligence of the homeowner, we nevertheless agree with the trial court’s finding that plaintiff daughter’s negligence bars recovery. The record indisputably shows she was an active participant in friendly horseplay when this tragic accident occurred. Had she been attentive to her immediate surroundings and exercised a moderate degree of care, she would not have crashed into the glass door panel and caused her admittedly serious injuries. Skyles v. State Farm Fire & Casualty Co., 210 So.2d 609 (La.App. 2d Cir., 1968), writs refused, 252 La. 835, 214 So.2d 161.
The judgment is affirmed at appellant’s cost.

. Having attained the age of majority, the daughter has been substituted as a party plaintiff in this court.